### THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HECTOR ESCALET,** | ) |
| | ) |
| On Behalf of Himself and | ) |
| All Others Similarly Situated, | ) Case No.: |
| | ) |
| Plaintiff, | ) |
| | ) **COMPLAINT -- CLASS ACTION &** |
| vs. | ) **COLLECTIVE ACTION** |
| | ) |
| | ) |
| **CANADA DRY POTOMAC CORP.,** | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendant. | ) |

### FLSA COLLECTIVE AND RULE 23 CLASS ACTION COMPLAINT

Plaintiff, on behalf of himself and all others similarly situated, brings this action against Defendant Canada Dry Potomac Corporation ("Canada Dry" or "Defendant") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Virginia Overtime Wage Act ("VOWA"), Virginia Code § 40.1-29.2 (eff. July 1, 2021), Virginia Code § 40.1-29 *et seq.*, and Virginia Common Law.

### NATURE OF THE ACTION

1.      Plaintiff alleges on behalf of himself and all other similarly situated non-exempt Merchandiser employees of Defendant who elect to opt into this action pursuant to the FLSA, 29 U.S.C. § 216(b) (the "FLSA Merchandisers Collective"), that they are (i) entitled to unpaid wages including overtime premiums for all hours worked exceeding forty (40) in a workweek, (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq.*, specifically 29 U.S.C. §§

207, 216(b), and (iii) entitled to all legally permitted pre-judgment and post-judgment interest, costs, and attorneys' fees.

2.     Plaintiff alleges on behalf of himself and all other similarly situated non-exempt workers employed by Defendant within the Commonwealth of Virginia who elect to opt into this action pursuant to Virginia Code §§ 40.1-29.2 (eff. July 1, 2021) ("VOWA") and 40.1-29 *et seq.*, (the "VOWA Miscalculated Overtime Collective"), that they are (i) entitled to all miscalculated and therefore underpaid overtime premiums for hours worked in excess of forty (40) in a workweek, (ii) entitled to liquidated damages pursuant to Virginia Code § 40.1-29 *et seq.*, (iii) entitled to treble damages pursuant to Virginia Code § 40.1-29 *et seq.*, and (iv) entitled to all legally permitted pre-judgment and post-judgment interest, costs, and attorneys' fees.

3.     Plaintiff further complains, pursuant to Fed. R. Civ. P. 23, VOWA, and Virginia Code § 40.1-29 *et seq.*, on behalf of himself and a class of other similarly situated non-exempt workers employed by Defendant within the Commonwealth of Virginia (the "Virginia Overtime Class"), that they are (i) entitled to unpaid wages including overtime premiums for all hours worked exceeding forty (40) in a workweek, (ii) entitled to all miscalculated and therefore underpaid overtime premiums, (iii) entitled to liquidated damages pursuant to Virginia Code § 40.1-29 *et seq.*, (iv) entitled to treble damages pursuant to Virginia Code § 40.1-29 *et seq.*, and (v) entitled to legally permitted pre-judgment and post-judgment interest, costs, attorneys' fees, and penalties.

4.     Plaintiff further complains, pursuant to Fed. R. Civ. P. 23 and Virginia Common Law, on behalf of himself and a class of other similarly situated non-exempt Merchandisers employed by Defendant within the Commonwealth of Virginia (the "Virginia Common Law Class"), that they are (i) entitled to unpaid wages, including their promised daily rate for each day

worked plus overtime premiums for all hours worked exceeding forty (40) in a workweek, and (ii) entitled to all legally permitted pre-judgment and post-judgment interest, costs, attorneys' fees, and penalties.

## JURISDICTION AND VENUE

5.      The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions.  This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6.      Virginia Code § 40.1-29 *et seq.* and VOWA authorize court actions by private parties to recover damages for violations of the Virginia Code's wage and overtime payment provisions.

7.      This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 since it is part of the same case and controversy as the FLSA claim.  The state and federal claims derive from a common nucleus of operative fact, the state law claims will not substantially dominate over the FLSA claim, and exercising supplemental jurisdiction would be in the interests of judicial economy, convenience, fairness, and comity.

8.      The United States District Court for the Eastern District of Pennsylvania has general personal jurisdiction because Defendant is a Pennsylvania corporation and at home in Pennsylvania.

9.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is a Pennsylvania corporation, is subject to this court's personal jurisdiction in this District, and therefore resides in this District. *See Holmes v. MGM Resorts Int'l*, No. CV 21-722, 2022 WL 2167456, at *1 (E.D. Pa. May 17, 2022) ("If the singular defendant is a business entity, as is the case here, venue is proper in any district where the entity is subject to the court's personal

jurisdiction.").  Moreover, Defendant has the most significant contacts with this District within the Commonwealth of Pennsylvania.

10.     At all relevant times, Defendant has been an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.  At all relevant times, Defendant employed "employee[s]," including Plaintiff Hector Escalet, and those persons similarly situated as described herein.  At all relevant times, Plaintiff and the other members of the putative collective and classes were engaged in commerce and/or worked for Defendant in an enterprise engaged in commerce.  At all relevant times, Defendant had gross annual operating revenue in excess of $500,000.00 (Five Hundred Thousand Dollars).

11.     At all relevant times, Defendant acted as an "employer" and employed "employee[s]," including Plaintiff Hector Escalet, and those persons similarly situated as described herein, as defined in Virginia Code § 40.1-29.2 (eff. July 1, 2021) ("VOWA").

## **PARTIES**

12.     Defendant Canada Dry Potomac Corporation ("Canada Dry Potomac") is a Pennsylvania for-profit Corporation with its principle place of business located at 3600 Pennsy Drive, Landover, Maryland, 20785.

13.     Canada Dry Potomac is a beverage bottler and distributor supplying retailers and business customers throughout the Baltimore, Washington, D.C., Richmond, and Norfolk metro areas.  Canada Dry Potomac's beverage brands include Canada Dry, Sunkist, A&W, 7UP, Snapple, Body Armor, Sparkling Ice, Essentia and Rock Creek, among others.

14.     Canada Dry Potomac is one of five beverage bottlers and distributors that make up The Honickman Companies' portfolio of companies.

15.     The Honickman Companies employ more than 2,500 team members who produce 60-plus beverage brands, from water and soft drinks to sports drinks, teas, juices and energy drinks. Across its five companies and 17 facilities stretching from New York to the North Carolina border, The Honickman Companies sell millions of cases of beverages annually.

16.     Plaintiff Hector Escalet was, at all relevant times, an individual residing in Petersburg, Virginia.

17.     At all relevant times, Plaintiff Escalet was employed by Canada Dry Potomac as a non-exempt Merchandiser in Virginia.  Plaintiff Escalet's Consent to Become a Party Plaintiff pursuant to 29 U.S.C. § 216(b) is attached hereto as an exhibit.

18.     In addition to Plaintiff Escalet, Canada Dry Potomac employs other non-exempt employees, including Merchandisers, throughout Virginia, Maryland, and Washington D.C.

## COLLECTIVE ACTION ALLEGATIONS

19.     Plaintiff Escalet brings Count I, the FLSA off-the-clock claim, as an opt-in action pursuant to 29 U.S.C. § 216(b) on behalf of himself and the following persons:

> All current and former non-exempt Merchandiser employees, regardless of actual title, who worked for Defendant at any time during the last three years ("FLSA Merchandiser Collective Action Members").

20.     Plaintiff, on behalf of himself and the FLSA Merchandiser Collective Action Members, seeks relief on a collective basis challenging Defendant's practice of failing to accurately record and pay for all hours worked, including overtime premiums.  The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from Defendant's records, and potential FLSA Merchandiser Collective Action Members may easily and quickly be notified of the pendency of this action.

21.     Plaintiff is similarly situated to the FLSA Merchandiser Collective Action Members because, upon information and belief, all are subject to the same or similar time-reporting and payroll policies and procedures, which have the ability but fail to accurately record and pay for all overtime work hours.

22.     Plaintiff will fairly and adequately protect the interests of the FLSA Merchandiser Collective Action Members and has retained counsel experienced and competent in the fields of wage and hour law and class and collective action litigation.  Plaintiff has no interest that is contrary to or in conflict with those members of this collective action.

23.     Plaintiff brings Count II, the Virginia off-the-clock claim, as an opt-in collective action, pursuant to Virginia Code § 40.1-29 *et seq.*, on behalf of himself and the following persons:

> All current and former non-exempt Merchandiser employees, regardless of actual title, who worked for Defendant within the Commonwealth of Virginia at any time during the last three years ("Virginia Merchandiser Collective Action Members").

24.     Plaintiff, on behalf of himself and the Virginia Merchandiser Collective Action Members, seeks relief on a collective basis challenging Defendant's practice of failing to accurately record and pay for all hours worked, including overtime premiums.  The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from Defendant's records, and potential Virginia Merchandiser Collective Action Members may easily and quickly be notified of the pendency of this action.

25.     Plaintiff is similarly situated to the Virginia Merchandiser Collective Action Members because, upon information and belief, all are subject to the same or similar time-reporting and payroll policies and procedures, which have the ability but fail to accurately record and pay for all overtime work hours.

26.     Plaintiff will fairly and adequately protect the interests of the Virginia Merchandiser Collective Action Members and has retained counsel experienced and competent in the fields of wage and hour law and class and collective action litigation.  Plaintiff has no interest that is contrary to or in conflict with those members of this collective action.

27.     Plaintiff brings Count III, the VOWA miscalculated overtime collective claim, as an opt-in collective action, pursuant to Virginia Code § 40.1-29.2 (eff. July 1, 2021), on behalf of himself and the following persons:

> All current and former non-exempt, daily-rate employees, regardless of actual title, who worked for Defendant within the Commonwealth of Virginia between July 1, 2021 and June 30, 2022 and, during that time, were paid overtime premiums at a rate less than one and one-half times their regular rate of pay, calculated as one-fortieth ($1/40^{th}$) of all wages paid for the workweek ("VOWA Miscalculated Overtime Collective Action Members").

28.     Plaintiff, on behalf of himself and the VOWA Miscalculated Overtime Collective Action Members, seeks relief on a collective basis challenging Defendant's practice of miscalculating and therefore underpaying overtime premiums in violation of VOWA.  The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from Defendant's records, and potential VOWA Miscalculated Overtime Collective Action Members may easily and quickly be notified of the pendency of this action.

29.     Plaintiff is similarly situated to the VOWA Miscalculated Overtime Collective Action Members because, upon information and belief, all are subject to the same or similar payroll and overtime calculation procedures, which failed to correctly calculate and pay overtime premiums at a rate equal to one-and-one-half times the employee's regular rate of pay, as determined by dividing the employee's total workweek wages by 40 hours.

30.     Plaintiff will fairly and adequately protect the interests of the VOWA Miscalculated Overtime Collective Action Members and has retained counsel experienced and competent in the fields of wage and hour law and class and collective action litigation.  Plaintiff has no interest that is contrary to or in conflict with those members of this collective action.

<u>CLASS ACTION ALLEGATIONS</u>

31.     Plaintiff brings Count IV, the VOWA miscalculated overtime class claim, as a Rule 23 class action, pursuant to Virginia Code § 40.1-29.2 (eff. July 1, 2021), on behalf of himself and the following persons:

> All current and former non-exempt, daily-rate employees, regardless of actual title, who worked for Defendant within the Commonwealth of Virginia between July 1, 2021 and June 30, 2022 and, during that time, were paid overtime premiums at a rate less than one and one-half times their regular rate of pay, calculated as one-fortieth (1/40th) of all wages paid for the workweek ("VOWA Miscalculated Overtime Class Members").

32.     Plaintiff brings Counts V and VI, the Virginia Common Law claims, as Rule 23 class actions on behalf of himself and the following persons:

> All current and former non-exempt Merchandiser employees, regardless of actual title, who worked for Defendant within the Commonwealth of Virginia at any time during the last three years ("Virginia Common Law Class Members").

33.     Plaintiff's Rule 23 class claims (Counts IV, V, and VI) satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

34.     Plaintiff's Rule 23 VOWA Miscalculated Overtime Class claim (Count IV) satisfies the numerosity requirement of a class action.  The Rule 23 VOWA Class Members[1] identified above are so numerous that joinder of all members is impracticable.  Although the precise number of potential class members is unknown, and the facts for calculating that number are presently within the sole control of Defendant, upon information and belief, there are more than forty (40) Class members.

35.     Questions of law and fact common to the Rule 23 VOWA Class Members predominate over questions that may affect only individual members because Defendant has acted on grounds generally applicable to all Rule 23 VOWA Class Members.  Among the questions of law and fact common to Plaintiff and the Rule 23 VOWA Class Members are:

a.      whether Defendant's pay policies and procedures, between July 1, 2021 and June 30, 2022, included an unlawful overtime calculation formula;

b.      whether Defendant's pay policies and procedures, between July 1, 2021 and June 30, 2022, resulted in a failure to pay overtime premiums at a rate not less than one and one-half times the employee's regular rate of pay;

c.      whether Defendant's pay policies and procedures, between July 1, 2021 and June 30, 2022, failed to calculate the Class Members' regular rate of pay as one-fortieth (1/40th) of all wages earned for the workweek;

d.      whether Defendant's failure to pay overtime premiums at rate of one and one-half times the employee's regular rate of pay calculated as one-fortieth of all wages earned for the workweek, between July 1, 2021 and June 30, 2022, resulted in a failure to pay all overtime wages owed;

---

[1] Plaintiff refers to the "VOWA Miscalculated Overtime Class Members" as "Rule 23 VOWA Class Members."

      e.      whether Defendant's miscalculation and underpayment of overtime wages was a knowing failure to pay wages entitling the class members to treble damages.

36.     Plaintiff's Rule 23 VOWA Class claims are typical of those of the VOWA Class Members' in that class members, like Plaintiff, were employed as non-exempt employees who receive overtime premiums between July 1, 2021 and June 30, 2022 and were subject to Defendant's same or similar payroll and overtime calculation policies and practices.

37.     Plaintiff will fairly and adequately represent the interests of the Rule 23 VOWA Class Members and has retained counsel experienced and competent in the fields of wage and hour law and class action litigation.  Plaintiff has no interest that is contrary to or in conflict with those members of this class action.

38.     A Rule 23 class action is also appropriate, pursuant to Fed. R. Civ. P. 23(b)(1), for the fair and efficient adjudication of the VOWA Miscalculated Overtime Class controversy because the presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of the class members to protect their interests. The damages suffered by individual class members may be relatively small, and the expense and burden of individual litigation make it virtually impossible for the members of the class action to individually seek redress for the wrongs done to them.

39.     A Rule 23 class action is appropriate, pursuant to Fed. R. Civ. P. 23(b)(2), because Defendant acted or refused to act on grounds generally applicable to the entire class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

40.     A Rule 23 class action is appropriate, pursuant to Fed. R. Civ. P. 23(b)(3), because the common questions set forth above predominate over any questions affecting only individual persons, and a Rule 23 VOWA class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the VOWA Miscalculated Overtime Class claims.

41.     Plaintiff's Rule 23 Virginia Common Law Class claims (Counts V and VI) satisfy the numerosity requirement of a class action.  The Rule 23 Virginia Common Law Class Members identified above are so numerous that joinder of all members is impracticable.  Although the precise number of potential class members is unknown, and the facts for calculating that number are presently within the sole control of Defendant, upon information and belief, there are more than forty (40) Class members.

42.     Questions of law and fact common to the Rule 23 Virginia Common Law Class Members predominate over questions that may affect only individual members because Defendant has acted on grounds generally applicable to all Rule 23 Virginia Common Law Class Members. Among the questions of law and fact common to Plaintiff and the Rule 23 Virginia Common Law Class Members are:

a.      whether Defendant's payroll and time-keeping policies and procedures failed to accurate track and record all Virginia Common Law Class Members' hours worked, including straight-time and overtime hours;

b.      whether Defendant's pay and time-keeping policies resulted in a failure to pay the Virginia Common Law Class Members their established daily rate in exchange for all reported work time;

      c.      whether Defendant's failure to pay the Virginia Common Law Class Members their established daily rate for all non-overtime hours worked in a workweek constituted a breach of contract;

      d.      whether Defendant's pay and time-keeping policies and practices resulted in a failure to pay the Virginia Common Law Class Members overtime premiums for all hours worked in excess of forty (40) in each workweek;

      e.      whether Defendant's failure to pay the Virginia Common Law Class Members overtime premiums for all hours worked in excess of forty (40) in each workweek constituted a breach of contract;

      f.      whether Defendant was unjustly enriched when it reaped the benefit of Virginia Common Law Class Members' work but failed to pay straight-time and overtime wages to Virginia Common Law Class Members for all their hours worked;

      g.      whether Defendant is liable for all damages available under the Virginia common law, including but not limited to compensatory damages, interest, costs, and attorneys' fees.

43.    Plaintiff's Rule 23 claims under Virginia common law are typical of those of the Virginia Common Law Class Members' in that class members have been employed in the same or similar positions as Plaintiff and were subject to Defendant's same or similar unlawful payroll and time recording practices as Plaintiff.

44.    Plaintiff will fairly and adequately represent the interests of the Rule 23 Virginia Common Law Class Members and has retained counsel experienced and competent in the fields

of wage and hour law and class action litigation.  Plaintiff has no interest that is contrary to or in conflict with those members of this class action.

45.     A Rule 23 class action is also appropriate, pursuant to Fed. R. Civ. P. 23(b)(1), for the fair and efficient adjudication of the Virginia common law controversies because the presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of the class members to protect their interests.  The damages suffered by individual class members may be relatively small, and the expense and burden of individual litigation make it virtually impossible for the members of the class action to individually seek redress for the wrongs done to them.

46.     A Rule 23 class action is appropriate, pursuant to Fed. R. Civ. P. 23(b)(2), because Defendant acted or refused to act on grounds generally applicable to the entire class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

47.     A Rule 23 class action is appropriate, pursuant to Fed. R. Civ. P. 23(b)(3), because the common questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the Virginia common law claims.

## STATEMENT OF FACTS

48.     Defendant Canada Dry Potomac is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

49.     Plaintiff Escalet was hired by Canada Dry Potomac, as a Merchandiser, beginning January 2021.  He works for Defendant in and around the Richmond, Virginia metropolitan area.

13

50.     Plaintiff Escalet is employed as a non-exempt Merchandiser at an established daily rate of $124.50, plus overtime premiums for hours worked in excess of forty (40) in a workweek.

51.     Defendant's full-time, non-exempt Merchandisers, including Plaintiff Escalet, are similarly each employed at an established daily rate plus overtime premiums for hours worked in excess of forty (40) in a workweek.

52.     As non-exempt employees, Defendant's Merchandisers, including Plaintiff Escalet, are entitled to receive overtime premiums for all hours worked in excess of forty (40) in a workweek.

53.     As an employer under the FLSA, Defendant is required to accurately track and record all hours worked by its Merchandiser employees, including Plaintiff Escalet.

54.     Defendant has the ability but fails to accurately track and record hours worked by its Merchandiser employees, including Plaintiff Escalet.

55.     Instead of providing a process or mechanism for Plaintiff Escalet and its other Merchandisers to accurately report and receive pay for all their hours worked, including overtime, Defendant systematically underpays overtime premiums by relying on its own underestimates of these employees' hours worked.

56.     As a result of this systemic, unlawful failure to accurately record and pay for all hours worked, Defendant similarly fails to pay its non-exempt Merchandisers, including Plaintiff Escalet, overtime premiums for all hours worked in excess of forty (40) in a workweek.

57.     Defendant's non-exempt Merchandisers, including Plaintiff Escalet, perform similar job duties pursuant to common job descriptions.

58.     Plaintiff Escalet works an average of 6 days each week, and he averages 60-65 hours of work each workweek.  For example, on a typical workday, Plaintiff Escalet will arrive at

his first customer's location between 5am-6am and finish working at his last customer's location between 4pm-5pm.  Plaintiff Escalet routinely works 10-11 hours during a single shift.

59.    Defendant is aware of Plaintiff Escalet's work schedule, as well as that of its other Merchandisers, because Defendant's Merchandiser Managers direct each Merchandiser's daily schedule by sending them a list of customers they are required to call on each day.

60.    Plaintiff Escalet has repeatedly advised his Merchandiser Manager of his long work hours resulting from the number and location of customers he is expected to call on each day.

61.    Based upon Plaintiff Escalet's workplace observations and discussions with and among other non-exempt Merchandisers, including at weekly Merchandiser team meetings, Plaintiff is aware other non-exempt Merchandisers, like Plaintiff, also regularly work long hours and also perform work in excess of forty (40) hours in a workweek for which Defendant fails to pay them all overtime premiums owed.

62.    Defendant does not allow its non-exempt Merchandisers, including Plaintiff Escalet, to record and receive payment for all their hours worked, including overtime.

63.    Defendant has the ability but fails to accurately track and record its Merchandisers', including Plaintiff Escalet's, actual hours worked, including overtime.

64.    Defendant's failure to accurately track and record its Merchandisers', including Plaintiff Escalet's, hours worked has resulted in regular, systemic underpayment of overtime wages.

65.    All of Defendant's non-exempt Merchandisers, including Plaintiff Escalet, were similarly deprived of a process or mechanism to accurately record and receive pay for all hours worked, including overtime.

66.     All of Defendant's non-exempt Merchandisers, including Plaintiff Escalet, were similarly subject to Defendant's company-wide pay and time-keeping policies.

67.     While Plaintiff Escalet's job duties often require him to work in excess of forty (40) hours per workweek, he is not paid for the entirety of the overtime hours he worked per week because Defendant's time-keeping and/or payroll systems fail to record and include all worked hours into the payroll calculations and earned wages.

68.     Similarly, Defendant's other non-exempt Merchandisers are required, at times, to work in excess of forty (40) hours per workweek.  However, as with Plaintiff Escalet, Defendant's time-keeping and/or payroll systems fail to record and include all worked hours into its non-exempt Merchandisers' payroll calculations and earned wages.

69.     As non-exempt employees, Plaintiff and Defendant's other similarly situated, putative FLSA Merchandiser Collective Action Members are or were entitled to overtime premiums for hours worked in excess of forty (40) each workweek.  *See* 29 U.S.C. § 213.

70.     As non-exempt employees, Plaintiff and Defendant's other similarly situated putative Virginia Merchandiser Collective Action Members are or were entitled to overtime premiums for hours worked in excess of forty (40) each workweek.  *See* Virginia Code § 40.1-29 *et seq.*

71.     As non-exempt employees, Plaintiff and Defendant's other similarly situated Virginia Common Law Class Members were promised an established daily rate plus overtime premiums by Defendant for all hours worked in each workweek, and those wages were owed to Plaintiff and other similarly situated Merchandiser employees at the next regularly scheduled pay day.

72.     Even though Defendant had a computerized payroll system in place, eliminating the need to perform complex, manual payroll calculations and making it quite simple to pay Plaintiff and other similarly situated non-exempt Merchandiser employees for each minute of their reported work hours, Defendant did not include all hours worked in Plaintiff's and its other similarly situated non-exempt Merchandisers' payroll calculations.

73.     Instead, Defendant utilized a pay and time-keeping process which underestimated, shaved, and/or altered Plaintiff's and similarly situated non-exempt Merchandisers' work time, including overtime hours, to the benefit of Defendant.

74.     Defendant's pay and time-keeping practice is to underestimate, shave, and/or alter Plaintiff's and its other similarly situated non-exempt Merchandisers' work hours in order to reduce Defendant's payroll costs.

75.     Defendant's pay and time-keeping practices deny Plaintiff and its other similarly situated non-exempt Merchandisers both straight time and overtime pay.

76.     As the employer, it is Defendant's responsibility to accurate track and record all hours worked, including overtime, but Defendant failed to uphold this legal responsibility.

77.     Because Defendant failed to accurately track and record its non-exempt Merchandisers', including Plaintiff Escalet's, hours worked, these employees may rely on estimates to prove their unpaid hours worked as a matter of just and reasonable inference.

78.     Plaintiff Escalet conservatively estimates that Defendant failed to pay him for an average of 16 hours of overtime work during each work week of his employment as a Merchandiser.  However, Defendant possesses certain documents, including but not limited to complete schedules and records of customer visits, which Plaintiff will use to support and refine

17

this estimate after the benefit of discovery.  Therefore, this is only his best estimate based upon the limited records he currently possesses.

79.     Plaintiff Escalet is aware, through his conversations with coworkers, that Defendant similarly fails to pay its other non-exempt Merchandisers for all overtime hours worked just as Defendant underpaid his overtime hours, described above.

80.     Defendant's policy and practice is to willfully deny Plaintiff and its other non-exempt Merchandisers pay for all hours worked, including straight-time hours and hours worked beyond forty (40) in a workweek.

81.     Defendant's policy and practice is to knowingly deny Plaintiff and its other non-exempt Merchandisers pay for all hours worked, including straight-time hours and hours worked beyond forty (40) in a workweek.

82.     Defendant's failure to pay for all overtime hours worked is willful and knowing because Defendant knows it does not provide a mechanism or process for its non-exempt Merchandisers, including Plaintiff Escalet, to accurately record and receive pay for their actual overtime hours worked, and Defendant deliberately ignores and/or recklessly disregards the falsity of its own time estimates used in lieu of a legitimate time-tracking system.  Moreover, Defendant is aware of the number and location of the customers each of its non-exempt Merchandisers, including Plaintiff Escalet, are required to call on each day.  Defendant is also aware of the job duties and tasks it requires its non-exempt Merchandisers, including Plaintiff Escalet, to complete during each customer visit.  Consequently, Defendant knows or reasonably should know its non-exempt Merchandisers, including Plaintiff Escalet, work more overtime hours than Defendant is recording and paying them for, yet Defendant deliberately and/or recklessly turns a blind eye to this unpaid overtime work.

83.     Defendant's policy and practice to deny Plaintiff and its other non-exempt Merchandisers pay for all hours worked, including straight-time hours and hours worked beyond forty (40) in a workweek was not in good faith.

84.     From July 1, 2021 through June 30, 2022, VOWA required Defendant to calculate and pay Plaintiff Escalet and its other non-exempt, daily-rate employees overtime premiums at a rate not less than one and one-half times their regular rate of pay, calculated as one-fortieth of all wages paid to the employee for the workweek.  *See* Virginia Code § 40.1-29.2 (eff. July 1, 2021) ("VOWA").

85.     Defendant failed to comply with VOWA's overtime calculation provisions during the time period July 1, 2021 through June 30, 2022.

86.     From July 1, 2021 through June 30, 2022, Defendant failed to pay Plaintiff Escalet overtime premiums at a rate not less than one and one-half times his regular rate of pay, calculated as one-fortieth of all wages paid for the workweek.

87.     For example, for the pay period beginning January 9, 2022 and ending January 15, 2022, Plaintiff Escalet was paid $747 in regular, daily-rate wages ($124.50 x 6 days).  His paystub reflects 9.00 hours of overtime work, which was paid at a rate of only $7.62/hour (.5 x $747 / 49), for a total of only $68.58 in overtime pay.  However, the overtime calculation mandated under the VOWA would result in an overtime rate of $28.01/hour (1.5 x $747 / 40), for a total of $252.09. This miscalculation resulted in an underpayment of $183.51 in overtime wages in this single workweek.

88.     As another example, for the pay period beginning March 20, 2022 and ending March 26, 2022, Plaintiff Escalet was paid $747 in regular, day-rate wages ($124.50 x 6 days). His pay stub reflects 5.00 hours of overtime work, which was paid at a rate of only $8.30/hour (.5

x $747 / 45), for a total of only $41.50 in overtime pay.  However, the overtime calculation mandated under the VOWA would result in an overtime rate of $28.01/hour (1.5 x $747 / 40), for a total of $140.06.  This miscalculation resulted in an underpayment of $98.56 in overtime wages in this single workweek.

89.    Defendant utilized the same flawed overtime calculation each time it paid Plaintiff Escalet overtime premiums between July 1, 2021 and June 30, 2022.

90.    Upon information and belief, Defendant's centralized payroll process utilized the same flawed overtime calculation to pay other non-exempt employees overtime premiums between July 1, 2021 and June 30, 2022.

91.    Defendant is in possession of Plaintiff's and its other nonexempt employees' payroll records for the time period between July 1, 2021 and June 30, 2022, and these records reveal on their face the fact and extent of Defendant's unlawful overtime calculations.

92.    Defendants failure to properly calculate overtime premiums paid to Plaintiff Escalet and other non-exempt employees between July 1, 2021 and June 30, 2022 was a knowing violation. *See* Virginia Code § 40.1-29.2 (eff. July 1, 2021), 40.1-29(J)-(K) *et seq.*  Specifically, Defendant knew it was not paying overtime at a rate not less than one and one-half times the regular rate of pay, calculated as one-fortieth of all wages paid for the workweek.  And Defendant deliberately and/or recklessly disregarded its obligations as an employer to properly calculate and pay all statutorily required overtime premiums to its employees.

93.    Defendant promises its full-time, non-exempt Merchandisers, including Plaintiff Escalet, they will receive a daily rate plus overtime premiums for all hours worked in excess of forty (40) in a workweek.

94.     Defendant's full-time, non-exempt Merchandisers, including Plaintiff Escalet, accept Defendant's offer to pay them a daily rate plus overtime premiums for all hours worked in excess of forty (40) in a workweek when they come in each week and perform work, including overtime work for Defendant.

95.     Defendant's failure to pay its non-exempt Merchandisers, including Plaintiff Escalet, a daily rate plus overtime premiums for all hours worked in excess of forty (40) in each workweek results in financial injury to the Virginia Common Law Class and constitutes a breach of contract.

96.     The net effect of Defendant's unlawful pay and time-keeping practices is that Defendant failed to pay all wages and overtime premiums due in order to save payroll costs and taxes.  Defendant enjoyed ill-gained profits at the expense of Plaintiff and other similarly situated non-exempt employees, unjustly reaping the benefit of their unpaid work.

**<u>COUNT I</u>**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938**
**(Brought Against Defendant by Plaintiff Hector Escalet Individually and on Behalf of the**
**FLSA Merchandiser Collective Action Members)**

97.     Plaintiff, on behalf of himself individually and all FLSA Merchandiser Collective Action Members, reasserts the allegations set forth in the above paragraphs.

98.     Defendant paid Plaintiff and the FLSA Merchandiser Collective Action Members on a nonexempt basis, and they are and were all entitled to the overtime protections of the Fair Labor Standards Act as set forth in 29 U.S.C. §§ 201, *et seq.*

99.     At all relevant times, Defendant has been, and continues to be, subject to the minimum wage and overtime provisions of the FLSA because its employees are engaged in

commerce and Defendant has annual revenues in excess of $500,000 (five hundred thousand dollars).

100.   The FLSA requires each covered employer such as Defendant to compensate all non- exempt employees at a rate of not less than the applicable minimum wage for all hours worked up to forty hours per week and one and one-half times the regular rate of pay for work performed in excess of forty hours per work week.

101.   Defendant failed to pay Plaintiff and the other FLSA Merchandiser Collective Action Members for all work hours, resulting in unpaid overtime premiums for work in excess of forty (40) hours in certain workweeks.

102.   This work was performed at Defendant's direction and/or with Defendant's knowledge.

103.   Defendant failed and/or refused to provide a legitimate mechanism or process for Plaintiff and the other FLSA Merchandiser Collective Action Members to record all their hours worked, including overtime hours.  Defendant relied, instead, on its own underestimates of these employees' hours worked, resulting in unpaid overtime premiums for work in excess of forty (40) hours in a workweek.

104.   Defendant willfully violated the FLSA by intentionally and/or recklessly underestimating or fabricating work hours entered into its payroll system thereby failing to pay Plaintiff and the other FLSA Merchandiser Collective Action Members all wages due including overtime premiums for hours accrued beyond forty (40) in a workweek.

105.   Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions complied with the FLSA.

106.    As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, Defendant has unlawfully withheld wages from Plaintiff and the FLSA Collective Action Members.  Accordingly, Defendant is liable to Plaintiff and the FLSA Collective Action Members for unpaid wages including overtime compensation, an additional equal amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiff and all similarly situated employees demand judgment against Defendant, and pray this Court:

a.    Certify the claim set forth in Count I above as a collective action pursuant to Section 216(b) of the FLSA and issue notice to "All current and former non-exempt Merchandiser employees, regardless of actual title, who worked for Defendant at any time during the last three years" (the "FLSA Merchandiser Collective Action Members"), informing them of their right to file consents to join the FLSA portion of this action;

b.    Designate Plaintiff Hector Escalet as the Representative Plaintiff of the FLSA Merchandiser Collective Action and undersigned counsel as the attorneys representing the FLSA Merchandiser Collective Action Members;

c.    Award Plaintiff and all similarly situated employees compensatory and liquidated damages under 29 U.S.C. § 216(b);

d.    Award Plaintiff and all similarly situated employees prejudgment and post-judgment interest as provided by law;

e.    Award Plaintiff and all similarly situated employees attorneys' fees and costs as allowed by Section 216(b) of the FLSA including that Defendant is financially responsible for notifying the Collective Action Members of Defendant's alleged wage and hour violations; and

f.      Award Plaintiff and all similarly situated employees such other relief as this Court deems fair and equitable.

## COUNT II
### VIOLATION OF VIRGINIA CODE § 40.1-29 *et seq.*
**(Brought Against Defendant by Plaintiff Hector Escalet Individually and on Behalf of the Virginia Merchandiser Collective Action Members)**

107.    Plaintiff, on behalf of himself individually and all Virginia Merchandiser Collective Action Members, reasserts the allegations set forth in the above paragraphs.

108.    Defendant paid Plaintiff and the Virginia Merchandiser Collective Action Members on a nonexempt basis, and they are and were all entitled to the overtime protections of the Fair Labor Standards Act as set forth in 29 U.S.C. §§ 201, *et seq.*

109.    Defendant failed to pay Plaintiff and the other Virginia Merchandiser Collective Action Members for all work hours, resulting in unpaid overtime premiums for work in excess of forty (40) hours in certain workweeks.

110.    Defendant's failure to pay Plaintiff and the other Virginia Merchandiser Collective Action Members all legally required overtime premiums constitutes an unlawful withholding of and failure to pay wages, in violation of Virginia Code § 40.1-29(C), (J).

111.    This unpaid overtime work was performed at Defendant's direction and with Defendant's knowledge.

112.    Defendant failed and/or refused to provide a legitimate mechanism or process for Plaintiff and the other Virginia Merchandiser Collective Action Members to record all their hours worked, including overtime hours.   Defendant knowingly relied, instead, on its own underestimates of these employees' hours worked, resulting in unpaid overtime premiums for work in excess of forty (40) hours in a workweek.

113.     Defendant knowingly withheld and failed to pay overtime wages by deliberately ignoring and/or recklessly disregarding the falsity of its own underestimated or fabricating work hours entered into its payroll system.

114.     As a result of the aforesaid knowing withholding and failure to pay wages to Plaintiff and the Virginia Collective Action Members, Defendant is liable to Plaintiff and the Virginia Collective Action Members for unpaid wages including overtime compensation, an additional equal amount as liquidated damages, treble damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiff and all similarly situated employees demand judgment against Defendant, and pray this Court:

a.     Certify the claim set forth in Count II above as a collective action pursuant to Virginia Code § 40.1-29(J) and Section 216(b) of the FLSA and issue notice to "All current and former non-exempt Merchandiser employees, regardless of actual title, who worked for Defendant within the Commonwealth of Virginia at any time during the last three years" (the "Virginia Merchandiser Collective Action Members"), informing them of their right to file consents to join the Virginia Merchandiser collective portion of this action;

b.     Designate Plaintiff Hector Escalet as the Representative Plaintiff of the Virginia Merchandiser Collective Action and undersigned counsel as the attorneys representing the Virginia Merchandiser Collective Action Members;

c.     Award Plaintiff and all similarly situated employees compensatory and liquidated damages under Virginia Code § 40.1-29(J);

d.     Award Plaintiff and all similarly situated employees treble damages under Virginia Code § 40.1-29(J);

e.      Award Plaintiff and all similarly situated employees prejudgment interest as prescribed under Virginia Code § 40.1-29(G), (J);

f.      Award Plaintiff and all similarly situated employees post-judgment interest as provided by law;

g.      Award Plaintiff and all similarly situated employees attorneys' fees and costs as allowed by Virginia Code § 40.1-29(J) including that Defendant is financially responsible for notifying the Virginia Merchandiser Collective Action Members of Defendant's alleged wage and hour violations; and

h.      Award Plaintiff and all similarly situated employees such other relief as this Court deems fair and equitable.

<u>**COUNT III**</u>
**VIOLATION OF VOWA, VIRGINIA CODE § 40.1-29.2 (eff. July 1, 2021)**
**(Brought Against Defendant by Plaintiff Hector Escalet Individually and on Behalf of the VOWA Miscalculated Overtime Collective Action Members)**

115.    Plaintiff, on behalf of himself individually and all VOWA Miscalculated Overtime Collective Action Members, reasserts the allegations set forth in the above paragraphs.

116.    From July 1, 2021 through June 30, 2022, VOWA required Defendant to calculate and pay Plaintiff Escalet and the VOWA Miscalculated Overtime Collective Action Members overtime premiums at a rate not less than one and one-half times their regular rate of pay, calculated as one-fortieth of all wages paid to the employee for the workweek.  *See* Virginia Code § 40.1-29.2 (eff. July 1, 2021) ("VOWA").

117.    Defendant failed to comply with VOWA's overtime calculation provisions during the time period July 1, 2021 through June 30, 2022.

118.    From July 1, 2021 through June 30, 2022, Defendant failed to pay Plaintiff Escalet and the VOWA Miscalculated Overtime Collective Action Members overtime premiums at a rate

not less than one and one-half times their regular rate of pay, calculated as one-fortieth of all wages paid for the workweek.

119.    Defendants failure to properly calculate overtime premiums paid to Plaintiff Escalet and the VOWA Miscalculated Overtime Collective Action Members between July 1, 2021 and June 30, 2022 was a knowing violation.  *See* Virginia Code § 40.1-29.2 (eff. July 1, 2021), 40.1-29(J)-(K) *et seq.*

120.    Specifically, Defendant knew it was not paying overtime at a rate equal to one and one-half times the regular rate of pay, calculated as one-fortieth of all wages paid for the workweek.  And Defendant deliberately and/or recklessly disregarded its obligations as an employer to properly calculate and pay all statutorily required overtime premiums to its employees.

WHEREFORE, Plaintiff and all similarly situated employees demand judgment against Defendant, and pray this Court:

a.    Certify the claim set forth in Count III above as a collective action pursuant to Virginia Code § 40.1-29(J) and Section 216(b) of the FLSA and issue notice to "All current and former non-exempt, daily-rate employees, regardless of actual title, who worked for Defendant within the Commonwealth of Virginia between July 1, 2021 and June 30, 2022 and, during that time, were paid overtime premiums at a rate less than one and one-half times their regular rate of pay, calculated as one-fortieth (1/40th) of all wages paid for the workweek" (the "VOWA Miscalculated Overtime Collective Action Members"), informing them of their right to file consents to join the Virginia Merchandiser collective portion of this action;

27

b.      Designate Plaintiff Hector Escalet as the Representative Plaintiff of the Virginia Merchandiser Collective Action and undersigned counsel as the attorneys representing the Virginia Merchandiser Collective Action Members;

c.      Award Plaintiff and all similarly situated employees compensatory and liquidated damages under Virginia Code § 40.1-29(J);

d.      Award Plaintiff and all similarly situated employees treble damages under Virginia Code § 40.1-29(J);

e.      Award Plaintiff and all similarly situated employees prejudgment interest as prescribed under Virginia Code § 40.1-29(G), (J);

f.      Award Plaintiff and all similarly situated employees post-judgment interest as provided by law;

g.      Award Plaintiff and all similarly situated employees attorneys' fees and costs as allowed by Virginia Code § 40.1-29(J) including that Defendant is financially responsible for notifying the Virginia Merchandiser Collective Action Members of Defendant's alleged wage and hour violations; and

h.      Award Plaintiff and all similarly situated employees such other relief as this Court deems fair and equitable.

### <u>COUNT IV</u>
**Fed.R.Civ.P. 23 CLASS ACTION FOR VIOLATION OF VOWA, VIRGINIA CODE § 40.1-29.2 (eff. July 1, 2021)**
**(Brought Against Defendant by Plaintiff Hector Escalet Individually and on Behalf of the VOWA Miscalculated Overtime Class Members)**

121.    Plaintiff, on behalf of himself individually and all VOWA Miscalculated Overtime Class Members, reasserts the allegations set forth in the above paragraphs.

122.    From July 1, 2021 through June 30, 2022, VOWA required Defendant to calculate and pay Plaintiff Escalet and the VOWA Miscalculated Overtime Class Members overtime

premiums at a rate not less than one and one-half times their regular rate of pay, calculated as one-fortieth of all wages paid to the employee for the workweek.  *See* Virginia Code § 40.1-29.2 (eff. July 1, 2021) ("VOWA").

123.   Defendant failed to comply with VOWA's overtime calculation provisions during the time period July 1, 2021 through June 30, 2022.

124.   From July 1, 2021 through June 30, 2022, Defendant failed to pay Plaintiff Escalet and the VOWA Miscalculated Overtime Class Members overtime premiums at a rate not less than one and one-half times their regular rate of pay, calculated as one-fortieth of all wages paid for the workweek.

125.   Defendants failure to properly calculate overtime premiums paid to Plaintiff Escalet and the VOWA Miscalculated Overtime Class Members between July 1, 2021 and June 30, 2022 was a knowing violation.  *See* Virginia Code § 40.1-29.2 (eff. July 1, 2021), 40.1-29(J)-(K) *et seq.*

126.   Specifically, Defendant knew it was not paying overtime at a rate equal to one and one-half times the regular rate of pay, calculated as one-fortieth of all wages paid for the workweek.  And Defendant deliberately and/or recklessly disregarded its obligations as an employer to properly calculate and pay all statutorily required overtime premiums to its employees.

WHEREFORE, Plaintiff and all similarly situated employees demand judgment against Defendant, and pray this Court:

a.   Certify the claim set forth in Count IV above as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b.      Designate Plaintiff Hector Escalet as the Representative Plaintiff of the VOWA Miscalculated Overtime Class and undersigned counsel as the attorneys representing the VOWA Miscalculated Overtime Class Members;

c.      Award Plaintiff and all similarly situated employees compensatory and liquidated damages under Virginia Code § 40.1-29(J);

d.      Award Plaintiff and all similarly situated employees treble damages under Virginia Code § 40.1-29(J);

e.      Award Plaintiff and all similarly situated employees prejudgment interest as prescribed under Virginia Code § 40.1-29(G), (J);

f.      Award Plaintiff and all similarly situated employees post-judgment interest as provided by law;

g.      Award Plaintiff and all similarly situated employees attorneys' fees and costs as allowed by Virginia Code § 40.1-29(J); and

h.      Award Plaintiff and all similarly situated employees such other relief as this Court deems fair and equitable.


### COUNT V
### Fed.R.Civ.P. 23 CLASS ACTION FOR VIOLATION OF VIRGINIA COMMON LAW (BREACH OF CONTRACT)
**(Brought Against Defendant by Plaintiff Hector Escalet Individually and on Behalf of the Virginia Common Law Class Members)**

127.    Plaintiff, on behalf of himself and the Virginia Common Law Class Members, reasserts the allegations set forth in the above paragraphs.

128.    Defendant promises its full-time, non-exempt Merchandisers, including Plaintiff Escalet, they will receive a daily rate plus overtime premiums for all hours worked in excess of forty (40) in a workweek.

129.    Defendant's full-time, non-exempt Merchandisers, including Plaintiff Escalet, accept Defendant's offer to pay them a daily rate plus overtime premiums for all hours worked in excess of forty (40) in a workweek when they come in each week and perform work for Defendant.

130.    Defendant's failure to pay its non-exempt Merchandisers, including Plaintiff Escalet, a daily rate plus overtime premiums for all hours worked in excess of forty (40) in each workweek results in financial injury to the Virginia Common Law Class and constitutes a breach of contract.

131.    Plaintiff pursues this common law claim, on behalf of the Virginia Common Law Class, seeking to recover unpaid daily-rate wages (e.g. non-overtime wages for unpaid work hours totaling 40 or fewer in a workweek) that are not available under the FLSA.

132.    Plaintiff also pursues this common law claim, on behalf of the Virginia Common Law Class, seeking to recover unpaid overtime wages for a three-year statute of limitations period, in the event the Court determines Plaintiff's FLSA claim (Count I) is limited to the two-year statute of limitations for non-willful violations (e.g. to recover wages that may not be available under the FLSA.  Plaintiff does not seek a double recovery of the same wages under both the FLSA and Virginia Common Law.

WHEREFORE, Plaintiff and the Virginia Common Law Class demand judgment against Defendant and pray this Court:

a.    Certify the state law claim set forth in Count V above as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b.    Designate Plaintiff Hector Escalet as the Representative Plaintiff of the Virginia Common Law Class Members and undersigned counsel as the attorneys representing the Virginia Common Law Class Members;

31

c.      Order Defendant to pay Plaintiff and the Virginia Common Law Class all promised but unpaid wages;

d.      Award Plaintiff and all similarly situated employees prejudgment and post-judgment interest as provided by law; and

e.      Award Plaintiff and all similarly situated employees such other relief as this Court deems fair and equitable.

**COUNT VI**
**FED.R.CIV.P. 23 CLASS ACTION FOR VIOLATION OF VIRGINIA COMMON LAW**
**(UNJUST ENRICHMENT)**
**(Brought Against Defendant by Plaintiff Hector Escalet Individually and on Behalf of the Virginia Common Law Class Members)**

133.    Plaintiff, on behalf of himself and the Virginia Common Law Class Members, reasserts the allegations set forth in the above paragraphs.

134.    Plaintiff and the Virginia Common Law Class conferred a benefit upon Defendant by working on Defendant's behalf without compensation and without receiving all earned wages as a result of Defendant's unlawful time shaving scheme.

135.    Defendant was aware that it was receiving the benefit of this unpaid work at the time the work was performed and accepted and retained that benefit without paying fair compensation for the same.

136.    Defendant's acceptance and retention of the benefit of the Virginia Common Law Class Members' unpaid labor was inequitable and resulted in Defendant being unjustly enriched.

137.    Plaintiff pursues this common law claim, on behalf of the Virginia Common Law Class, seeking to recover unpaid daily-rate wages (e.g. non-overtime wages for unpaid work hours totaling 40 or fewer in a workweek) that are not available under the FLSA.

138.    Plaintiff also pursues this common law claim, on behalf of the Virginia Common Law Class, seeking to recover unpaid overtime wages for a three-year statute of limitations period,

in the event the Court determines Plaintiff's FLSA claim (Count I) is limited to the two-year statute of limitations for non-willful violations (e.g. to recover wages that may not be available under the FLSA). Plaintiff does not seek a double recovery of the same wages under both the FLSA and Virginia Common Law.

139.    Plaintiff pleads this Virginia Common Law Claim in the alternative to Count V (Breach of Contract) and does not seek to recover the same wages under both Counts.

WHEREFORE, Plaintiff and the Virginia Common Law Class demand judgment against Defendant and pray this Court:

a.    Certify the state law claim set forth in Count VI above as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b.    Designate Plaintiff Hector Escalet as the Representative Plaintiff of the Virginia Common Law Class Members and undersigned counsel as the attorneys representing the Virginia Common Law Class Members;

c.    Order Defendant to disgorge the value of its ill-gained benefits to Plaintiff and all similarly situated employees;

d.    Award Plaintiff and all similarly situated employees prejudgment and post-judgment interest as provided by law; and

e.    Award Plaintiff and all similarly situated employees such other relief as this Court deems fair and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a jury trial on all claims with respect to which he may have the right to a jury.

DATED: January 26, 2023.

Respectfully Submitted,

**WILLIG, WILLIAMS & DAVIDSON**

_____
Ryan Allen Hancock
Pa Bar No. No. 92590
1845 Walnut Street, 24th Floor
Philadelphia, PA 19103
Tel. (215) 656-3679
rhancock@wwdlaw.com

Of Counsel:

Rowdy B. Meeks
*Pro Hac Application Forthcoming*
**ROWDY MEEKS LEGAL GROUP LLC**
8201 Mission Rd., Suite 250
Prairie Village, KS 66208
Tel.    913-766-5585
Fax     816-875-5069
rowdy.meeks@rmlegalgroup.com
www.rmlegalgroup.com

Tracey F. George
*Pro Hac Application Forthcoming*
**DAVIS GEORGE LLC**
1600 Genessee St., Suite 328
Kansas City, MO 64102
Tel.  816-569-2629 ext. 2
Fax.  816-447-3939
tracey@dgmlawyers.com
www.dgmlawyers.com

**ATTORNEYS FOR PLAINTIFF**