**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **HECTOR ESCALET,** *ON BEHALF OF ALL OTHERS SIMILARLY SITAUTED* <br><br> **v.** <br><br> **CANADA DRY POTOMAC CORP.** | **CIVIL ACTION** <br><br> **NO.  23-329** |

<u>**MEMORANDUM OF DECISION**</u>

Baylson, J.                                               **August 10, 2023**

## I.    <u>INTRODUCTION</u>

This case involves claims brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), the Virginia Overtime Wage Act ("VOWA"), Virginia Code § 40.1-29 *et seq*., and Virginia Common Law. Hector Escalet ("Plaintiff") brings this action on behalf of himself and all others similarly situated against Canada Dry Potomac Corporation ("Defendant"). Plaintiff claims Defendant systematically undercounted overtime hours for Plaintiff and other similarly situated non-exempt[1] Merchandiser employees.

Before this Court is the following:

- Defendant filed a Motion to Transfer Pursuant to 28 U.S.C. § 1404(a). ("Def.'s Mot.," ECF No. 20-1). Plaintiff filed Plaintiff's Memorandum in Opposition ("Opp'n," ECF No. 26) and Defendant filed Reply in Support of Defendant's Motion to Transfer Venue ("Reply," ECF No. 29).

## II.    <u>BACKGROUND</u>

On January 26, 2023, Plaintiff filed his Complaint with this Court. ("Compl.," ECF No. 1). Taking Plaintiff's allegations as true, the factual background is as follows. Plaintiff, at all

---

[1] "Non-exempt" refers to employees who are entitled to receive overtime pursuant to the FLSA.

relevant times, resided in Petersburg, Virginia. Compl. ¶ 5. Defendant is a for-profit Pennsylvania corporation with its headquarters in Maryland. Compl. ¶ 4. Defendant employed Plaintiff as a non-exempt Merchandiser in Virginia. Compl. ¶ 5. Defendant employs additional non-exempt Merchandiser employees in Virginia, Maryland, and Washington, D.C. Compl. ¶ 5. Full-time, non-exempt Merchandisers employed by Defendant work forty hours a week at an established daily pay rate. Compl. ¶ 14. Once employees work forty hours a week, they are entitled to receive an overtime premium for any addition hours worked that week. Compl. ¶ 14.

Plaintiff alleges that Defendant neglected to provide Merchandiser employees with a mechanism to accurately report how many hours they worked. Compl. ¶ 14. Defendant instead relied on its own underestimation of the hours its employees worked. Compl. ¶ 14. Plaintiff claims that "[a]s a result of this systemic, unlawful failure to accurately record and pay for all hours worked, Defendant similarly fails to pay its non-exempt Merchandisers…overtime premiums for all hours worked in excess of forty (40) in a workweek." Compl. ¶ 14.

Plaintiff intends to bring Count I, the claim based on FLSA violations, as "an opt-in action pursuant to 29 U.S.C. § 216(b)." Compl. ¶ 5. Count I is the only collective action claim potentially involving opt-in Plaintiffs from outside of Virginia. The remainder of Plaintiff's proposed collective action claims and class action claim are only brought on behalf of persons located in Virginia. Compl. ¶ 6-8.

## III.   JURISDICTION

This court has jurisdiction over Plaintiff's FLSA claim under 28 U.S.C. § 1331 because Plaintiff's claim arises under federal law. Pursuant to 28 U.S.C. § 1367(a), this court has supplemental jurisdiction over Plaintiff's remaining five claims based on Virginia state law

because those clams arise from the same common nucleus of operative fact as Plaintiff's federal claim. See United Mine Workers v. Gibbs, 383 U.S. 715 (1966).

IV.    **ANALYSIS**

    **A. Legal Standard**

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." § 1404(a) embodies the doctrine of *forum non conveniens*, which enables a court to "resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute" if the court decides the interests of justice and the convenience of parties would be better served at a different venue. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 507 (1947). An appropriate transfer under § 1404(a) "prevent[s] the waste of time, energy, and money" as well as "protect[s] litigants, witnesses and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964).

For a court to consider transferring a claim to an alternate venue, the moving party must first meet the threshold requirement of proposing a venue that is proper pursuant to 28 U.S.C. § 1391(b). Venue is proper in:

    "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

    (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this

section, any judicial district in which any defendant is subject to the court's personal

jurisdiction with respect to such action."

28 U.S.C. § 1391(b). If the proposed venue is proper, the moving party bears the burden of

establishing "that a balancing of proper interests weigh in favor of the transfer." Shutte v. Armco

Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970). In addition to considering U.S.C. § 1404(a)'s three

statutorily enumerated factors (convenience of parties, convenience of witnesses, and interest of

justice), the leading Third Circuit decision requires the court to weigh both public and private

interest factors:

> The private interests have included: plaintiff's forum preference as
> manifested in the original choice; the defendant's preference;
> whether the claim arose elsewhere; the convenience of the parties as
> indicated by their relative physical and financial condition; the
> convenience of the witnesses—but only to the extent that the
> witnesses may actually be unavailable for trial in one of the fora;
> and the location of books and records (similarly limited to the extent
> that the files could not be produced in the alternative forum).
>
> The public interests have included: the enforceability of the
> judgment[;] the relative administrative difficulty in the two fora
> resulting from court congestion; the local interest in deciding local
> controversies at home; the public policies of the fora; and the
> familiarity of the trial judge with the applicable state law in diversity
> cases.

Jumara v. State Farm Ins. Co., 55 F.3d 873, 879-80 (3d Cir. 1995) (internal quotation marks

omitted).

### B.  Discussion

#### i.  Venue

Defendant asserts the Eastern District of Virginia is the proper venue for this action.

Def.'s Mot. at 1. Defendant argues venue is proper in the Eastern District of Virginia because

"one of the two distinct sets of claims alleged by the Complaint… is brought solely on behalf of employees working in Virginia and rests entirely on an 'esoteric' question of Virginia law," while "the other claim involves only employees working in Virginia and Maryland." Id. Venue is proper in the Eastern District of Virginia pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiff's claims arose during his employment for the Defendant, which took place in the Eastern District of Virginia. See Stewart v. First Student, Inc., No. CV 20-2556, 2022 WL 16731231 at *3 (E.D. Pa. Nov. 7, 2022).

Because the proposed transfer venue also meets the basic requirements of § 1404(a), this Court will now consider the relevant public and private interest factors to determine whether the interest of justice and convenience of parties and witnesses weigh in favor of transferring this action to the Eastern District of Virginia.

### ii. Private Interest Factors

#### (1) Plaintiff's Choice of Forum

The Third Circuit advises district courts to exercise discretion when ruling on motions to transfer because "plaintiff's choice of venue should not be lightly disturbed." Jumara, 55 F.3d 879 (internal quotations omitted). However, when Plaintiff is not at home in their forum of choice, "their choice of this district is not accorded with the usual strong preference or weight." Siegel v. Homestore, Inc., 255 F. Supp. 2d 451, 457 (E.D. Pa. 2003). Plaintiff argues that although they are not at home in the Eastern District of Pennsylvania, Plaintiff's choice of forum is still entitled to deference based on the interest of justice. Opp'n at 8.

There is currently a circuit split over whether the Supreme Court's holding in Bristol-Myers Squibb Co. v. Superior Court, applies to FLSA collective actions: "[i]n order for a court to exercise specific jurisdiction over a claim, there must be an 'affiliation between the forum and

the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State.'" 582 U.S. 255, 264 (2017) (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011)). While the First Circuit held that Bristol-Myers does not apply to opt-in members of a collective action, the Third, Sixth, and Eighth Circuits held that "opt-in plaintiffs in FLSA collective actions must satisfy the personal jurisdiction requirements of the Fourteenth Amendment to join the suit." Fischer v. Fed. Express Corp., 42 F.4th 366, 387 (3rd Cir. 2022); see Waters v. Day & Zimmermann NPS, Inc., 23 F.4th 84, 94 (1st Cir. 2022); Canaday v. Anthem Cos., 9 F.4th 392, 397 (6th Cir. 2021); Vallone v. CJS Sol. Grp., LLC, 9 F.4th 861, 865 (8th Cir. 2021).

The Eastern District of Virginia sits on the Fourth Circuit, which has not yet addressed whether Bristol-Myers applies to opt-in members of a collective action. Should the Fourth Circuit adopt the Fischer rule, Defendant would be able to raise a jurisdictional defense[2] to Maryland employees who may join the action as opt-in plaintiffs because a Maryland employee may lack specific personal jurisdiction over Defendant in the Eastern District of Virginia. In contrast, this Court has general personal jurisdiction over Defendant because Defendant is a Pennsylvania corporation, therefore eliminating the need for each plaintiff to have specific personal jurisdiction within the venue. Opp'n at 1-2. Therefore, Plaintiff argues that the "interest of justice under 28 U.S.C. § 1404(a) – standing alone – requires denial of Defendant's motion to transfer an FLSA collective action to a district in which the Defendant is neither incorporated nor headquartered." Id. at 2.

(2) Defendant's Choice of Forum

---

[2] Defendant directly addressed Plaintiff's concerns over personal jurisdiction: "[Defendant] will agree, as a condition of transfer to the Eastern District of Virginia, that – in the event Plaintiff obtains certification of an FLSA collective that includes Maryland employees – it will not challenge the transferee court's personal jurisdiction based on the residence of any Maryland-based employee who opts-in to the collective action." Reply at 5.

The second factor, Defendant's choice of forum, has a neutral impact on the decision to transfer. Defendant's choice of forum is given significantly less weight than Plaintiff's preference because "the purpose of a venue transfer is not to shift inconvenience from one party to another." EVCO Tech. & Dev. Co., LLC v. Precision Shooting Equip., Inc., 379 F. Supp. 2d 728, 730 (E.D. Pa. 2005). Furthermore, Plaintiff argues that because "Defendant seeks to transfer this matter out of its home forum to Plaintiff's home forum[,] this factor is neutral." Opp'n at 9 (quoting Phillips v. Penske Truck Leasing Co., L.P., No. CV 22-1889, 2023 WL 2589221 at *4 (E.D. Pa. Mar. 21, 2023) (internal quotation marks omitted).

(3) Where the Claim Arose

The third factor is weighs in favor of transfer. Plaintiff's claims arise both where Plaintiff worked (Virginia), in states where proposed opt-in Plaintiffs worked (Virginia and Maryland), and where Defendant is headquartered (Maryland). Opp'n at 10. An "FLSA claim is considered to have arisen either where the plaintiffs worked (where the challenged policies were effectuated) or from the employer's headquarters (where the employer would have determined and maintained the challenged policies and practices)." Stewart, 2022 WL 16731231 at *3. Plaintiff argues that "when 'there is no single answer to wear the action arose,' this factor is neutral." Opp'n at 10 (quoting Edwards v. Equifax Info. Servs., LLC, 313 F. Supp. 3d 618, 621 (E.D. Pa. 2018)). While Edwards did hold that for claims based on online communication "the locus of a dispute is much harder to identify, and the nature of information-based commerce renders some of the concerns addressed by Jumara less pressing," this holding is not relevant to this case because Plaintiff's claims can be cleanly traced back to the two relevant states where potential opt-in Plaintiffs may have been employed. 313 F. Supp. 3d at 621.

(4) The Convenience of the Parties Given Their Relative Physical and

Financial Condition

The fourth factor, convenience of the parties given their relative physical and financial condition, weighs against transfer. Defendant does not argue the Eastern District of Pennsylvania will inconvenience it, but rather argues Plaintiff and members of Plaintiff's proposed classes and collectives will be inconvenienced at this venue. Def.'s Mot. at 9. While Defendant is most likely correct in its assumption that the Eastern District of Virginia, where the Plaintiff lives and works, is a more convenient forum for Plaintiff, deference is nevertheless given to Plaintiff's choice of forum. Furthermore, as a large corporation, Defendant's "financial condition, compared to that of plaintiff, clearly allows them to afford more easily the inconveniences associated with travel." Scanlan v. Am. Airlines Grp., Inc., 366 F. Supp. 3d 673, 679 (E.D. Pa. 2019). Considering that Defendant can afford to litigate this case in either forum and that Plaintiff accepts the geographic and financial constraints it places on themselves, this factor weighs slightly against transfer.

(5) The Convenience of Witnesses to the Extent they May Be

Unavailable for Trial in a Given Forum

The fourth factor is limited to the convenience of witnesses, "only to the extent that the witnesses may actually be unavailable for trial in one of the fora." Jumara, 44 F.3d at 879. Plaintiff argues this factor is neutral because Defendant only identified Plaintiff and persons employed by Defendant in their Rule 26 disclosure. Opp'n at 12 n.8. Plaintiff argues the convenience of Defendant's witnesses are irrelevant to this balancing analysis because the Third Circuit held an employer "is obligated to procure the attendance of its own employees for trial." Id. at 12 (quoting Edwards, 313 F. Supp. 3d at 623).

Defendant argues the convenience of witnesses is a relevant factor that weighs in favor of transfer. Def.'s Mot at 9. Defendant intends to call nonparty witnesses located in Virginia "who may provide testimony determining Plaintiff's work hours (including employees of the third-party stores where Plaintiff spent the majority of each workday)." Reply at 8. Additionally, both Plaintiff and Defendant identified persons located in Virginia who are no longer employed by Defendant as witnesses. Reply at 8 n.3. Defendant argues these witnesses are not obligated to attend trial in Philadelphia pursuant to Rule 45(c), which states "[a] subpoena may command a person to attend a trial, hearing, or deposition…within 100 miles of where the person resides, is employed, or regularly transacts business in person." Reply at 8; Fed. R. Civ. P. 45(c)(1)(C).

Rule 45(c) is intended to provide "protection against undue impositions on nonparties." Fed. R. Civ. P. 45(c) Adv. Comm. Notes (2006). Rule 45(c) therefore implies requiring nonparty witnesses to travel over 100 miles to attend a trial is an undue imposition and an inconvenience. Philadelphia is located 250 miles from Richmond, Virginia, where the Plaintiff worked for Defendant and over 270 miles from Petersburg, Virginia, where Plaintiff currently resides. The private interest of the convenience of witnesses to attend trial therefore weighs in favor of transfer.

(6) The Location of Books and Records to the Extent they Could Not Be Produced in the Alternative Forum

Since the Third Circuit described the Juamara private and public interest factors, this Court has noted "the technological advances of recent years have significantly reduced the weight of this factor in the balance of convenience analysis." Lomanno v. Black, 285 F. Supp. 2d 637, 647 (E.D. Pa. 2003). As Plaintiff explains, "the relevant records – most of which are in

native electronic format – can be easily produced in this District," so this factor is also neutral. Opp'n at 13.

### iii.  Public Interest Factors

#### (1) Enforceability of Judgment

This factor has a neutral impact on the analysis, as neither party makes an argument about whether it weighs in favor of or against transfer.

#### (2) Practical Considerations of Trial Logistics

Defendant argues it "will be faster, easier, and less expensive to litigate this case in Virginia, where Plaintiff lives and works (and where most of the punitive members of Plaintiff's proposed classes and collectives also live and work)." Def.'s Mot. at 7. While Plaintiff does not concede that one forum is more convenient than another, Plaintiff argues that practical concerns regarding jurisdictional dismissal of potential opt-in plaintiffs require the court to keep this action in this District where "general personal jurisdiction over the defendant is certain." Opp'n at 14. However, considering Defendant agreed to waive any jurisdictional defenses in the Eastern District of Virginia, Plaintiff's concern does not impact the balance of interests.

#### (3) The Relative Court Congestion of the Two Fora

Court congestion "generally is not a factor worthy of great weight," unless trial would be significantly quicker in the alternate forum. York Grp., Inc. v. Pontone, No. CIV.A. 10-1078, 2014 WL 3735157 at *13 (W.D. Pa. July 28, 2014). Plaintiff asserts that the public interest of reducing court congestion weighs against transfer because the Eastern District of Pennsylvania has slightly fewer cases filings per judge than the Eastern District of Virginia. Opp'n at 14-15. However, Defendant argues the "significantly lighter caseload" of the Eastern District of Virginia

in general favors transfer. Def.'s Mot. at 7. Without a meaningful difference between the time this case will get to trial in either venue, however, this factor remains neutral.

### (4) Local Interests of Each Forum in Deciding Local Controversies

Local interest weighs slightly in favor of transfer. Five of Plaintiff's six claims arise solely under Virginia law and seek relief on behalf of Virginia-based employees. Def.'s Mot. at 2. Plaintiff argues this factor is neutral because this Court "has an interest in regulating the [multi-state] conduct of a company incorporated in Pennsylvania." Opp'n at 15 (quoting Phillips, 2023 WL 2589221 at *4 (internal quotation marks omitted). However, Phillips only involved claims brought under federal law and did not require the Court to decide matters of another state's laws. Neither the Eastern District of Virginia nor the Eastern District of Pennsylvania has a stronger local interest in deciding the FLSA claim.

### (5) Public Policies of the Fora

This factor has a neutral impact on the analysis, as neither party makes an argument about whether it weighs in favor of or against transfer.

### (6) Judge's Relative Familiarity with the Applicable Law

This Court's level of familiarity with VOWA and Virginia common law strongly weighs in favor of transfer. While this Court is certainly capable of interpreting and applying Virginia law, the Eastern District of Virginia is undeniably more familiar with their own state's laws.

## V.   **CONCLUSION**

After weighing the relevant Jumara private and public factors, this Court finds that the convenience of witnesses and parties and the interest of justice does not support a transfer to the Eastern District of Virginia pursuant to 28 U.S.C. § 1404(a).