IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HECTOR ESCALET, *ON BEHALF OF ALL OTHERS SIMILARLY SITUATED*<br><br>v.<br><br>CANADA DRY POTOMAC CORP. | CIVIL ACTION<br><br>NO.  23-329 |

MEMORANDUM OF DECISION

**Baylson, J.**                                                                                                       **January 5, 2024**

This case involves claims brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Virginia Overtime Wage Act ("VOWA"), Virginia Code § 40.1-29 *et seq.*, and Virginia Common Law.  Plaintiff Hector Escalet claims, inter alia, that Defendant Canada Dry Potomac Corporation ("Canada Dry") systematically miscalculated and underpaid overtime premiums due to Plaintiff and other similarly situated non-exempt, day-rate employees.[1]  Pending before this Court is Plaintiff's unopposed motion to certify his VOWA Miscalculated Overtime Claim as a class action on behalf of himself and the following persons:

> All current and former non-exempt, day-rate employees, regardless of actual title, who worked for Defendant within the Commonwealth of Virginia between July 1, 2021 and June 30, 2022 and, during that time, were paid overtime premiums at a rate less than one and one-half times their regular rate of pay, calculated as one-fortieth (1/40th) of all wages paid for the workweek ("VOWA Miscalculated Overtime Class").

Plaintiff also requests that this Court appoint Plaintiff Escalet as class representative and attorneys from Davis George LLC, Rowdy Meeks Legal Group LLC, and Willig, Williams, Davidson as class counsel.  The parties stipulate that the Rule 23 requirements for class

---

[1] "Non-exempt" refers to employees who are entitled to receive overtime payments.

1

certification of the VOWA Miscalculated Overtime Class are met here. See ECF No. 50, Stipulation.  For the following reasons, this Court will grant the motion.

I.       BACKGROUND

On January 26, 2023, Plaintiff filed his Complaint with this Court. ECF No. 1. Taking Plaintiff's allegations as true, the relevant factual background is as follows. Defendant is a beverage bottler and distributor supplying retailers and business customers throughout the Baltimore, Washington, D.C., Richmond, and Norfolk metro areas.  Id. ¶ 13. Defendant employed Plaintiff as a non-exempt Merchandiser in Virginia.  Id. ¶ 17. Defendant employs additional non-exempt employees in Virginia, Maryland, and Washington, D.C.  Id. ¶ 18.

Plaintiff alleges, inter alia, that from July 1, 2021 through June 30, 2022, VOWA required Defendant to calculate and pay Plaintiff and its other non-exempt, daily-rate employees overtime premiums at a rate not less than one and one-half times their regular rate of pay, calculated as one-fortieth of all wages paid to the employee for the workweek.  Id.  ¶ 84.  Plaintiff claims that Defendant failed to comply with VOWA's overtime calculation provisions during the July 1, 2021 to June 30, 2022 time frame, and provides an example:

> [F]or the pay period beginning January 9, 2022 and ending January 15, 2022, Plaintiff Escalet was paid $747 in regular, daily-rate wages ($124.50 x 6 days). His paystub reflects 9.00 hours of overtime work, which was paid at a rate of only $7.62/hour (.5 x $747 / 49), for a total of only $68.58 in overtime pay. However, the overtime calculation mandated under the VOWA would result in an overtime rate of $28.01/hour (1.5 x $747 / 40), for a total of $252.09. This miscalculation resulted in an underpayment of $183.51 in overtime wages in this single workweek.

Id. ¶¶ 85-87.[2]  Plaintiff asserts, upon information and belief, that Defendant's centralized payroll process used the same "flawed" overtime calculation to pay other non-exempt employees overtime premiums between July 1, 2021 and June 30, 2022.  Id. ¶ 90.

---

[2] The VOWA Miscalculated Overtime Claim with request for Rule 23 class action certification is Count IV of Plaintiff's Complaint.  ECF No. 1 ¶¶ 121-126.  Plaintiff also brings claims for violations of the FLSA (Count I),

## II. PROCEDURAL HISTORY

On January 26, 2023, Plaintiff filed a Complaint against Defendant, brought on behalf of Plaintiff and all others similarly situated, alleging, <u>inter alia</u>, violations of VOWA, Virginia Code § 40.1-29.2 (Count IV). ECF No. 1. On March 13, 2023, Defendant filed its Motion to Dismiss For Failure to State a Claim as to Counts III and Count IV. ECF No. 9. On May 4, 2023, this Court denied Defendant's Partial Motion to Dismiss without prejudice. ECF No. 16. On May 17, 2023, Defendant filed a Motion to Transfer Venue to the Eastern District of Virginia. ECF No. 20. On August 10, 2023, this Court denied Defendant's Motion to Transfer. ECF No. 43.

On October 4, 2023, the parties filed a Joint Stipulation Regarding FLSA Conditional Certification, Rule 23 Class Certification, and Timing of Notices. ECF No. 50. Of significance to the motion pending before this Court, the parties stipulated to, and Defendant consented to, Plaintiff's unopposed motion seeking Rule 23 class certification of Plaintiff's VOWA Miscalculated Overtime Claim to include Plaintiff and the below employee group:

> All current and former non-exempt, day-rate employees, regardless of actual title, who worked for Defendant within the Commonwealth of Virginia between July 1, 2021 and June 30, 2022 and, during that time, were paid overtime premiums at a rate less than one and one-half times their regular rate of pay, calculated as one-fortieth (1/40th) of all wages paid for the workweek.

ECF No. 50 at 2. On October 6, 2023, Plaintiff filed his Unopposed Motion to Certify Rule 23 Class. ECF No. 51. This Court granted the joint stipulation on this date accompanying this Memorandum, and addresses the Unopposed Motion to Certify Rule 23 Class here.

## III. PARTIES' CONTENTIONS

Plaintiff argues that class certification is warranted here because all the requirements of Rule 23 are met. Plaintiff asserts that all the Virginia, day-rate employees were paid using the

---

Virginia Code (Count II), VOWA (Count III), and Virginia Common Law (Count V and VI), which are not the subject of this present Motion and will not be addressed in this Memorandum.

same overtime formula and therefore have identical claims that "rise or fall" based on this Court's legal ruling on one common question:

> Did Canada Dry violate VOWA when it failed to pay its Virginia, day-rate employees time-and-a-half overtime premiums calculated pursuant to the formula defined in the statute between July 1, 2021 [and] June 30, 2022.[3]

ECF No. 51-1 at 2. Plaintiff argues that his own claim for underpaid, miscalculated overtime wages is typical of the claims of every day-rate employee paid overtime using the same overtime formula and that Plaintiff Escalet and his counsel are "more than capable of championing this class claim." Id. Plaintiff further argues that the class mechanism "is the superior format for efficiently resolving these common claims, and there are no individualized issues affecting putative class members." Id.

## IV.  RULE 23 CLASS CERTIFICATION LEGAL STANDARD

"The decision to certify a class calls for findings by the court, not merely a 'threshold showing' by a party, that each requirement of Rule 23 is met." In re Hydrogen Peroxide Antitrust Litig., 552 F.3d 305, 307 (3d Cir. 2008). "Class certification is proper only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23 are met." Id. at 309 (internal quotations omitted). "Factual determinations necessary to make Rule 23 findings must be made by a preponderance of the evidence." Id. at 320. Under Rule 23(a), a Plaintiff must demonstrate that:

1. The class is so numerous that joinder of all members is impracticable;
2. There are questions of law or fact common to the class;
3. The claims or defenses of the representative parties are typical of the claims or defenses of the class; and

---

[3] This Court will analyze whether Rule 23 class certification is appropriate without ruling on the merits of this legal question at this time.

4. The representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. Pr. 23(a).

Rule 23(b)(3), pursuant to which Plaintiff seeks class certification, additionally requires that:

1. Questions of law or fact common to class members predominate over any questions affecting only individual members, and

2. A class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

Fed. R. Civ. P. 23(b)(3). These two Rule 23(b)(3) requirements are known as "predominance" and "superiority," respectively. In re Hydrogen Peroxide, 552 F.3d at 310. Lastly, in addition to all the other Rule 23 requirements, the Third Circuit requires that a Rule 23(b)(3) class be "currently and readily ascertainable." Hargrove v. Sleepy's LLC, 974 F.3d 467, 469 (3d Cir. 2020) (internal citations omitted).

This Court will examine each of these factors in turn.

V.   DISCUSSION

a. **Numerosity**

Under Rule 23(a)(1), the class must be "so numerous that joinder of all members is impracticable." The numerosity inquiry "calls for an inherently fact-based analysis" and "does not rely on meeting some specific number, although classes greater than 40 are typically found to suffice." Allegheny Cty. Employees' Retirement System v. Energy Transfer LP, 623 F. Supp. 3d 470, 510 (E.D.Pa. 2022) (citing In re Modafinil Antitrust Litig., 837 F.3d 238, 249-50 (3d Cir. 2016), as amended (Sept. 29, 2016)).

Here, the putative VOWA Miscalculated Overtime Class consists of approximately 184 day-rate employees employed by Defendant in Virginia between July 1, 2021 and June 30, 2022. Defendant used the same half-time overtime formula to pay all its 184 day-rate employees during this time period. Joinder of all the prospective class members would be impractical here, and this Court therefore concludes that the numerosity requirement is met.

b. **Commonality**

Commonality is the consideration of whether there are "questions of law or fact common to the class[.]" Fed. R. Civ. P. 23(a)(2). "Commonality does not require perfect identity of questions of law or fact among all class members." Reyes v. Netdeposit, LLC, 802 F.3d 469, 486 (3d Cir. 2015). Rather, "even a single common question will do." Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 131 S.Ct. 2541, 2556, 180 L.Ed.2d 374 (2011) (quotation marks and alterations omitted); see also Rodriguez v. Nat'l City Bank, 726 F.3d 372, 382 (3d Cir. 2013) ("A putative class satisfies Rule 23(a)'s commonality requirement if the named plaintiffs share at least one question of fact or law with the grievances of the prospective class.").

Every member of the putative class shares a common question of law: whether Defendant violated VOWA by paying its day-rate, non-exempt Virginia employees half-time overtime premiums between July 1, 2021 and June 30, 2022. The commonality requirement is met here.

c. **Typicality**

Typicality and commonality are closely related and often tend to merge. See Baby Neal v. Casey, 43 F.3d 48, 56 (3d Cir. 1994). "Both serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." Gen. Tel. Co. of the Sw. v.

Falcon, 457 U.S. 147, 157 n.13, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982)).  Typicality's legal significance—independent of commonality— derives from its ability to "screen out class actions in which the legal or factual position of the representatives is markedly different from that of other members of the class even though common issues of law or fact are present."  7A Charles Alan Wright et al., Federal Practice and Procedure § 1764 (4th ed. 2023).  "To determine whether a plaintiff is markedly different from the class as a whole, we consider the attributes of the plaintiff, the class as a whole, and the similarity between the plaintiff and the class."  Marcus v. BMW of N. Am. LLC, 687 F.3d 583, 598 (3d Cir. 2012) (internal citation omitted).  This analysis addresses:

> [T]hree distinct, though related, concerns: (1) the claims of the representative must be generally the same as those of the class in terms of both (a) the legal theory advanced and (b) the factual circumstances underlying that theory; (2) the class representative must not be subject to a defense that is both inapplicable to many members of the class and likely to become a major focus of the litigation; and (3) the interests and incentives of the representative must be sufficiently aligned with those of the class.

Id.

Here, Plaintiff's VOWA Miscalculated Overtime Claim is typical of the class's claims.  Plaintiff worked as a day-rate employee and was paid half-time overtime premiums between July 1, 2021 and June 30, 2022.  All other putative class members were similarly day-rate employees that were paid half-time overtime premiums between July 1, 2021 and June 30, 2022.  This half-time overtime policy was implemented at the corporate level and applied equally as to all day-rate employees in Virginia.  Thus, the claims of the representative are generally the same as those of the class insofar as they are all similarly situated day-rate employees alleging miscalculated overtime pay under VOWA.  Plaintiff is not subject to any unique VOWA defense that is likely to become a major focus of the litigation.  Lastly, the interests and incentives of Plaintiff are aligned

7

with those of the class since both Plaintiff and the class seek certain wage and hour protections under state law. Thus, the typicality requirement is met.

d. **Adequacy of Representation**

Rule 23(a)(4) requires representative parties to "fairly and adequately protect the interests of the class." This requirement "has two components designed to ensure that absentees' interests are fully pursued." In re Warfarin Sodium Antitrust Litig., 391 F.3d 516, 532 (3d Cir. 2004) (internal quotations omitted). First, the adequacy inquiry "tests the qualifications of the counsel to represent the class." Id. (internal quotations omitted). Second, it seeks "to uncover conflicts of interest between named parties and the class they seek to represent." Id.

With respect to the first adequacy inquiry, this Court is satisfied by the declarations submitted by counsel for Plaintiff, which detail their experience litigating class actions and employment disputes.

With respect to the second adequacy inquiry, this Court has not identified any conflicts of interest between Plaintiff and the class he seeks to represent given the direct overlap between theories of liability and damages sought. Plaintiff and his counsel have already conducted written discovery, secured production of 14,000 pages of documents, and conducted depositions-- all of which will benefit the putative class.

For these reasons, the adequacy of representation requirement is satisfied.

e. **Rule 23(b)(3) requirements**

1. **Predominance**

The predominance inquiry focuses on whether "the questions of law or fact common to class members predominate over any questions affecting only individual members[.]" Fed. R. Civ. P. 23(b)(3). "Predominance tests whether proposed classes are sufficiently cohesive to

warrant adjudication by representation." In re Hydrogen Peroxide, 552 F.3d at 310-11 (quotation marks omitted). While predominance and the commonality requirement of Rule 23(a) are related, the predominance requirement is "far more demanding" and requires "more than a common claim." Reyes, 802 F.3d at 482-83.

Here, a common question of law—principally, whether the day-rate, non-exempt Virginia employees were underpaid their overtime premiums because of Defendant's use of the half-time overtime formula—predominates over any issue affecting individual class members and indicates that the proposed class is sufficiently cohesive to warrant adjudication by representation. Neither the parties nor the Court have identified any individualized issues that would predominate where the central legal question and damage calculations apply to each class member with equal force. The predominance factor is met.

**2. Superiority**

The superiority inquiry requires this Court to determine whether a class action "is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Relevant considerations for this determination include:

1. The class members' interests in individually controlling the prosecution or defense of separate actions;
2. The extent and nature of any litigation concerning the controversy already begun by or against class members;
3. The desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
4. The likely difficulties in managing a class action.

<u>Id.</u>  This Court has no reason to believe that class members would have an interest in individually pursuing separate actions given the efficiency benefits that this class action would afford and because the claims of the day-rate employees are identical.  Plaintiff has indicated that it is not aware of any other pending litigation concerning the controversy already begun by or against class members, rendering the second consideration neutral.  Concentrating the litigation of the claims in this forum is desirable because Plaintiffs' related FLSA claims are also pending in this Court.  There are no likely difficulties in managing a class action in this case because liability can be established on a class-wide basis and damages can be calculated using standard mathematical calculations.  The superiority requirement is met.

    3. **Ascertainability**

In addition to the other requirements for class actions in Federal Rule of Civil Procedure 23, the Third Circuit requires that a Rule 23(b)(3) class be "currently and readily ascertainable." <u>Hargrove</u>, 974 F.3d at 469 (citing <u>Marcus</u>, 687 F.3d at 593).  Plaintiffs must show that "(1) the class is defined with reference to objective criteria; and (2) there is a reliable and administratively feasible mechanism for determining whether putative class members fall within the class definition."  <u>Id.</u> at 469-70 (citing <u>Byrd v. Aaron's Inc.</u>, 784 F.3d 154, 163 (3d Cir. 2015)).  The class is clearly defined, as below, to include:

> All current and former non-exempt, day-rate employees, regardless of actual title, who worked for Defendant within the Commonwealth of Virginia between July 1, 2021 and June 30, 2022 and, during that time, were paid overtime premiums at a rate less than one and one-half times their regular rate of pay, calculated as one-fortieth (1/40th) of all wages paid for the workweek.

As Plaintiff notes, Defendant's payroll and personnel documents function as a reliable and administratively feasible means of readily identifying the day-rate, Virginia employees paid

overtime pursuant to a half-time formula during the relevant time period. Thus, the ascertainability requirement is met.

## VI. CONCLUSION

For the foregoing reasons, Plaintiff's Unopposed Motion to certify the VOWA Miscalculated Overtime Class, appoint Plaintiff Hector Escalet as class representative, and appoint counsel at Davis George LLC, Rowdy Meeks Legal Group LLC, and Willig, Williams, Davidson as class counsel will be granted. An appropriate stipulation/order follows.

O:\789.2023\Escalet v. Canada Dry Potomac 23-329\23cv329 Escalet v. Canada Dry Rule 23 Certification Memo.docx