UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HECTOR ESCALET, On behalf of himself and all others similarly situated, | : : : : |
| Plaintiff, | : : Civil No: 2:23-cv-00329-MMB |
| v. | : : |
| CANADA DRY POTOMAC CORP. | : : |
| Defendant. | : : |

**STIPULATION REGARDING FLSA CONDITIONAL CERTIFICATION, RULE 23 CLASS CERTIFICATION, AND TIMING OF NOTICES**

Plaintiff Hector Escalet ("Plaintiff") and Defendant Canada Dry Potomoc Corp. ("Defendant") have agreed upon, and respectfully request that the Court enter, the following stipulation governing FLSA conditional certification, Rule 23 class certification, and related notices to putative FLSA collective and Rule 23 class members. The parties reach this stipulation to streamline this case and enable a productive mediation.

Accordingly, the Parties stipulate as follows:

1. The parties stipulate to FLSA conditional collective action certification of Plaintiff's FLSA Off-the-Clock Claim (ECF Doc. 1, at Count I), to include Plaintiff and the following employee group:

   All current and former day-rate Merchandisers, regardless of job title, employed by Canada Dry Potomac Corporation at its Richmond, VA, Springfield, VA, and/or Landover, MD facilities at any time during the period July 24, 2020 through the date of final judgment in this matter ("FLSA Off-the-Clock Collective").

1

2. The parties stipulate to conditional collective action certification of Plaintiff's Virginia Off-the-Clock Claim (ECF Doc. 1, at Count II), to include Plaintiff and the following employee group:

   All current and former day-rate Merchandisers, regardless of job title, employed by Canada Dry Potomac Corporation at its Richmond, VA and/or Springfield, VA facilities at any time during the period July 24, 2020 through the date of final judgment in this matter ("Virginia Off-the-Clock Collective").

3. The parties stipulate to, and Defendant consents to Plaintiff's unopposed motion seeking, Rule 23 class certification of Plaintiff's VOWA Miscalculated Overtime Claim (ECF Doc. 1, at Count IV), to include Plaintiff and the following employee group:

   All current and former non-exempt, day-rate employees, regardless of actual title, who worked for Defendant within the Commonwealth of Virginia between July 1, 2021 and June 30, 2022 and, during that time, were paid overtime premiums at a rate less than one and one-half times their regular rate of pay, calculated as one-fortieth (1/40th) of all wages paid for the workweek ("VOWA Miscalculated Overtime Class").

4. On **October 6, 2023**, Plaintiff shall file his Consent Motion To Certify Rule 23 Class to allow the Court to analyze the Rule 23 requirements and conclude Plaintiff meets the standard for class certification of his VOWA Miscalculated Overtime Claim (ECF Doc. 1, Count IV). Defendant will not oppose this motion and stipulates the requirements are met.

5. The parties jointly request this Court stay all remaining case deadlines, including approving and authorizing notices to the conditionally certified FLSA collective, conditionally certified Virginia collective, and the unopposed Rule 23 VOWA class, until after (a) this Court rules on Defendant's Renewed Motion to Dismiss or for Summary Judgment on Plaintiff's VOWA miscalculated overtime claim and (b) the parties subsequently attempt to resolve this case in mediation. Defendant shall file its

Renewed Motion to Dismiss or for Summary Judgment by **October 27, 2023**. Plaintiff shall file its opposition to the Renewed Motion to Dismiss or for Summary Judgment by **November 17, 2023**. Defendant may file a reply in support of its Renewed Motion to Dismiss or for Summary Judgment by **December 5, 2023**.

6. The parties agree to toll the statute of limitations for putative FLSA and Virginia opt-in plaintiffs until such time as notice is distributed.

7. The parties agree staying notice until after the Court decides the Renewed Motion to Dismiss or for Summary Judgment and after the parties participate in mediation will not prejudice any class member or putative opt-in plaintiff because the statute of limitations is tolled with the filing of the Complaint for all Rule 23 class members and by agreement as to FLSA and Virginia opt-in plaintiffs.

8. The parties also agree staying notice serves the interests of conserving financial resources and allows the parties to send notice of any resulting settlement in one communication with class/collective action notice.

9. The parties agree to meet-and-confer within 10 days following this Court's order deciding Defendant's Renewed Motion to Dismiss or for Summary Judgment to (a) select a mediator and (b) schedule a date for a mediation to occur as promptly as practicable.

|  | Respectfully submitted, |
|---|---|
| **DAVIS GEORGE LLC** | **BLANK ROME LLP** |

*/s/ Tracey F. George*  
Tracey F. George (*phv*)  
1600 Genessee St., Suite 328  
Kansas City, MO 64102  
Tel. 816-569-2629 ext. 2  
Fax 816-447-3939  
tracey@dgmlawyers.com  

Rowdy B. Meeks (*phv*)  
**ROWDY MEEKS LEGAL GROUP LLC**  
8201 Mission Rd., Suite 250  
Prairie Village, KS 66208  
Tel. 913 766-5585  
Fax 816 875-5069  
rowdy.meeks@rmlegalgroup.com  

Ryan Allen Hancock (Pa Bar No. No. 92590)  
**WILLIG, WILLIAMS & DAVIDSON**  
1845 Walnut Street, 24th Floor  
Philadelphia, PA 19103  
Tel. (215) 656-3679  
rhancock@wwdlaw.com  

*Attorneys for Plaintiffs*

*/s/ Anthony B. Haller*  
Anthony B. Haller (Pa. I.D. 37017)  
Frederick G. Sandstrom (Pa. I.D. 313392)  
One Logan Square  
130 N. 18th Street  
Philadelphia, PA 19103  
Tel: (215) 569-5500  
Fax: (215) 569-5555  
anthony.haller@blankrome.com  
gus.sandstrom@blankrome.com  

*Attorneys for Defendant*

SO ORDERED this  5th  day of  January , 2024.

/s/ Michael M. Baylson  
Hon. Michael M. Baylson, U.S.D.J

4