**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **HECTOR ESCALET,** *ON BEHALF OF ALL OTHERS SIMILARLY SITUATED*<br><br>**v.**<br><br>**CANADA DRY POTOMAC CORP.** | **CIVIL ACTION**<br><br>**NO.  23-329** |

<u>**MEMORANDUM RE: MOTIONS FOR PARTIAL SUMMARY JUDGMENT**</u>

Baylson, J.                                                                                    March 18, 2024

The case before this Court involves claims brought under the Virginia Overtime Wage Act ("VOWA").  Plaintiff Hector Escalet and class members claim,[1] <u>inter</u> <u>alia</u>, that Defendant Canada Dry Potomac Corporation ("Defendant" or "Canada Dry") systematically miscalculated and underpaid overtime premiums due to Plaintiff and other similarly situated non-exempt, day-rate employees in violation of VOWA for the period between July 1, 2021 and June 30, 2022.[2]

Defendant seeks partial summary judgment on Plaintiff's VOWA Claims.  ECF No. 52. Plaintiff filed a cross-motion for summary judgment on Plaintiff's VOWA Claims.  ECF No. 53. There are no material facts in dispute precluding summary judgment.[3]  For the reasons provided below, this Court grants Defendant's Motion for Partial Summary Judgment and denies Plaintiff's Cross Motion for Partial Summary Judgment.

---

[1] This Court granted the parties' Joint Stipulation regarding, <u>inter</u> <u>alia</u>, Rule 23 Class Certification and granted Plaintiff's Unopposed Motion to Certify Rule 23 Class on January 5, 2024.  <u>See</u> ECF Nos. 59 and 60.

[2] "Non-exempt" refers to employees who are entitled to receive overtime payments.

[3] "The parties agree there is no material fact precluding summary judgment on the purely legal questions presented in Canada Dry's Motion and Plaintiff Escalet's Cross Motion for Summary Judgment."  ECF No. 54 at 13.

## I.  RELEVANT FACTUAL BACKGROUND

On July 1, 2021, the Virginia General Assembly enacted VOWA.  ECF No. 52-1 ¶ 2; ECF No.  54 ¶ 2.  Prior to July 1, 2021, Virginia did not have a state wage and hour law governing overtime pay for employees of private employers.  ECF No. 52-1 ¶ 1; ECF No.  54 ¶ 1.  As enacted on July 1, 2021, VOWA required, in part:

> For any hours worked by an employee in excess of 40 hours in any one workweek, ***an employer shall pay such employee an overtime premium at a rate not less than one and one-half times the employee's regular rate, pursuant to 29 U.S.C. § 207***.  An employee's regular rate shall be calculated as follows:
>
> 1.  For any employee paid on an hourly basis, the regular rate is the hourly rate of pay plus any other nonovertime wages paid or allocated for that workweek, excluding any amounts that are excluded from the regular rate by the federal Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and its implementing regulations, divided by the total number of hours worked in that workweek.
>
> 2.  ***For employees paid on a salary or other regular basis, the regular rate is one-fortieth of all wages paid for that workweek***.

Va. Code § 40.1-29.2(B) (eff. July 1, 2021) (emphasis added); ECF No. 54, Ex. 1 at 3.

On April 11, 2022, the General Assembly amended VOWA.  ECF No. 52-1 ¶ 3; ECF No. 54 ¶ 3.  The VOWA amendment went into effect on July 1, 2022.  Id.  The amended VOWA states, in pertinent part, that "all applicable exemptions, overtime calculation methods, methods of overtime payment, or other overtime provisions within the federal Fair Labor Standards Act and any attendant regulations, guidance, or rules shall apply," or more broadly:

> Any employer that violates the overtime pay requirements of the federal Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq., as amended, and any regulations, guidance, or rules adopted pursuant to the overtime pay provisions of such federal act or any related governing case law shall be liable to the employee for the applicable remedies, damages, or other relief available under the federal Fair Labor Standards Act in an action brought pursuant to the process in subsection J of § 40.1-29. For the purposes of this section, "employer" and "employee" shall have the meanings ascribed to them under the federal Fair Labor Standards Act and ***all applicable exemptions, overtime calculation methods, methods of overtime payment,***

2

> ***or other overtime provisions within the federal Fair Labor Standards Act
> and any attendant regulations, guidance, or rules shall apply***. Any action
> brought pursuant to this section shall accrue according to the applicable
> limitations set forth in the federal Fair Labor Standards Act.

ECF No. 52-1 ¶ 4; ECF No. 54 ¶ 4; Va. Code Ann. § 40.1-29.2 (emphasis added).

Plaintiff Escalet is employed by Defendant as a Merchandiser.  ECF No. 52-1 ¶ 5, ECF No. 54 ¶ 5.  Merchandisers' job duties include stocking shelves and coolers, rotating stock, and setting up promotional displays at stores where Defendant's products are sold.  Id.  Defendant pays Plaintiff a fixed daily rate for each day he works; Plaintiff receives the same daily rate regardless of the number of hours worked in a workday.  ECF No. 52-1 ¶ 6; ECF No. 54 ¶ 6.  In addition to the daily rate, Defendant pays Plaintiff an overtime premium.[4]  ECF No. 52-1 ¶ 8; ECF No. 54 ¶ 8.  Defendant determined the overtime premium based on a "regular rate" of hourly pay calculated by dividing (a) Plaintiff's total regular compensation for the work week by (b) the total number of hours recorded by Defendant as having been worked by Plaintiff in the work week.  ECF No. 52-1 ¶ 9; ECF No. 54 ¶ 9.  Defendant asserts that it paid Plaintiff overtime premiums at a rate of one-half this "regular rate" for all hours recorded as having been worked by Plaintiff over 40 hours in a work week.  ECF No. 52-1 ¶ 10.  The method Defendant used to calculate and pay Plaintiff's overtime premium is set forth by Department of Labor regulation[5]:

> Day rates and job rates.
>
> If the employee is paid a flat sum for a day's work or for doing a particular job, without regard to the number of hours worked in the day or at the job, and if he receives no other form of compensation for services, ***his regular rate is determined by totaling all the sums received at such day rates or job rates in the workweek and dividing by the total hours***

---

[4] The parties dispute how often Defendant paid Plaintiff the overtime premium.  Defendant asserts that it paid Plaintiff an overtime premium "for all hours recorded as having been worked over 40 hours in a workweek."  ECF No. 52-1 ¶ 8.  By contrast, Plaintiff asserts that it paid Plaintiff an overtime premium "on occasion."  ECF No. 54 ¶ 8.

[5] ECF No. 52-1 ¶ 13-14; ECF No. 54 ¶ 13-14.

> *actually worked. He is then entitled to extra half-time pay at this rate for all hours worked in excess of 40 in the workweek.*

29 C.F.R. § 778.112 (emphasis added).

Plaintiff does not dispute that Defendant used an overtime calculation method permitted under Department of Labor regulations implementing the FLSA. ECF No. 52-1 ¶ 16; ECF No. 54 ¶ 16. Plaintiff alleges, however, that VOWA required Defendant to use a different method to calculate the overtime premium for the time period between July 1, 2021 and June 30, 2022:

> From July 1, 2021 through June 30, 2022, VOWA required Defendant to calculate and pay Plaintiff Escalet and its other non-exempt, daily-rate employees overtime premiums at a rate not less than one and one-half times their regular rate of pay, calculated as one-fortieth of all wages paid to the employee for the workweek.

ECF No. 52-1 ¶ 17, citing Compl. ¶¶ 84, 116, 122; ECF No. 54 ¶ 17.

## II.     PROCEDURAL HISTORY

On January 26, 2023, Plaintiff filed a Complaint against Defendant, brought on behalf of Plaintiff and all others similarly situated, alleging, inter alia, violations of VOWA, Virginia Code § 40.1-29.2 (eff. July 1, 2021) (Counts III and IV). ECF No. 1. On March 13, 2023, Defendant filed its Motion to Dismiss For Failure to State a Claim as to Counts III and Count IV. ECF No. 9. On May 4, 2023, this Court denied Defendant's Partial Motion to Dismiss without prejudice.

On October 4, 2023, the parties filed a Joint Stipulation Regarding FLSA Conditional Certification, Rule 23 Class Certification, and Timing of Notices. ECF No. 50. Of significance to the motion pending before this Court, the parties stipulated to Plaintiff's unopposed motion seeking Rule 23 class certification of Plaintiff's VOWA Miscalculated Overtime Claim to include Plaintiff and the below employee group:

> All current and former non-exempt, day-rate employees, regardless of actual title, who worked for Defendant within the Commonwealth of Virginia between July 1, 2021 and June 30, 2022 and, during that time, were paid overtime premiums at a rate less than one

and one-half times their regular rate of pay, calculated as one-fortieth (1/40th) of all wages paid for the workweek.

ECF No. 50 at 2.  The parties also jointly requested that this Court stay all remaining case deadlines until after (a) this Court ruled on Defendant's Renewed Motion to Dismiss or for Summary Judgment on Plaintiff's VOWA miscalculated overtime claim and (b) the parties subsequently attempt to resolve this case in mediation.  ECF No. 50 at 2.  On October 6, 2023, Plaintiff filed his Unopposed Motion to Certify Rule 23 Class.  ECF No. 51.  This Court granted the joint stipulation and the Unopposed Motion to Certify Rule 23 Class on January 5, 2024. ECF Nos. 59 and 60.

On October 27, 2023, Defendant moved for partial summary judgment on Plaintiff's VOWA claims.  ECF No. 52.  On November 17, 2023, Plaintiff filed his cross-motion for partial summary judgment on Plaintiff's VOWA Claims.  ECF No. 53.  On December 8, 2023, Defendant filed its combined Response in Opposition to Plaintiff's Cross Motion for Partial Summary Judgment and Reply in Support of Defendant's Motion for Summary Judgment.  ECF No. 57.  On December 22, 2023, Plaintiff filed its Reply in Support of his Cross Motion for Partial Summary Judgment.  ECF No. 58.  On January 12, 2024, following leave of this Court, Defendant filed its Surreply regarding Plaintiff's Cross Motion for Partial Summary Judgment.  ECF No. 63.

On January 25, 2024, this Court certified two questions of law to the Supreme Court of Virginia for resolution.  ECF No. 67.  On February 20, 2024, the Supreme Court of Virginia respectfully declined to accept the certified questions of law.  ECF No. 68.

### III.   PARTIES' CONTENTIONS

### a.   Defendant's Partial Motion for Summary Judgment

With respect to the VOWA Claims (Counts III and IV of the Complaint), Plaintiff argues that for the first year after VOWA went into effect on July 1, 2021, VOWA required Defendant to:

(1) pay its non-exempt day rate employees an overtime premium equal to 150% of their "regular rate" of pay instead of FLSA's 50% overtime premium, and

(2) calculate these employees' "regular rate" as one-fortieth of their weekly wages for each workweek instead of dividing their weekly wages by the actual number of hours worked during the week, as required by the FLSA.

See ECF No. 1 ¶¶ 84-88.  A subsequent VOWA amendment, which went into effect on July 1, 2022 ("2022 amendment"), made clear that Virginia's overtime pay requirements mirror "the overtime pay requirements of the federal Fair Labor Standards Act [FLSA]".  Va. Code Ann. § 40.1-29.2.

The central questions of law in dispute are: Did VOWA require Defendant to (1) pay day rate employees an overtime premium of 150% of their "regular rate" of pay and (2) calculate employees' "regular rate" as one-fortieth of their weekly wages for each workweek between July 1, 2022 and June 30, 2022?

Defendant asserts that the answer to these questions is "no."  Defendant argues that Defendant is entitled to summary judgment on the VOWA claims because:

(1)  the 2022 amendment applied retroactively to VOWA's original enactment,[6] and

---

[6] Defendant argues that under Virginia law, a statutory amendment is applied retroactively if the General Assembly intended for the amendment to be retroactive.  McCarthy v. Commonwealth, 864 S.E.2d 577, 585 (Va. Ct. App. 2021).  There are two circumstances where it is assumed that the General Assembly acted with retroactive intent with respect to a statutory amendment.  First, regardless of whether an amendment is substantive or procedural, an amendment will apply retroactively "when the text of the statute contains 'explicit terms' demonstrating its retroactive effect."  Id.  Second, an amendment applies retroactively "when the statute's amended terms affect 'remedial' or 'procedural' rights rather than 'substantive' or 'vested' rights."  Id.  Va. Code Ann. § 1-239 allows for the retroactive application of procedural changes.  Id. at 585, n.9.

(2) and even if the 2022 amendment were <u>not</u> retroactive, Plaintiff's VOWA claims still

fail under the pre-amendment statute.

With respect to the first issue—whether the 2022 amendment applies retroactively—Defendant points to an Eastern District of Virginia case, <u>Meharg v. York Operations, LLC</u>, 2022 WL 16636943 (E.D.Va. Nov. 2, 2022), where Judge Raymond A. Jackson found that the 2022 amendment was remedial and did not change the substantive state law right to overtime compensation that the General Assembly created through VOWA.[7]   Defendant notes that the <u>Meharg</u> decision is the only decision from any court to address the retroactivity of the 2022 amendment.  Defendant argues that the 2022 amendment merely clarified VOWA to state what the General Assembly intended when it first enacted the statute—principally, that VOWA created a state law cause of action for the overtime remedies established by the FLSA.  Defendant argues that this intent is clear from both the language of the statute and from the legislative history of the amendment:

> The pre-amendment statute already stated that overtime was to be calculated "pursuant to 29 U.S.C. § 207," the FLSA's overtime provision, the post-amendment statute reiterates that VOWA uses the FLSA's "overtime calculation methods" and "methods of overtime payment," and the legislative history is unequivocal that the General Assembly adopted the 2022 amendment to remediate and remove any ambiguity in the statute's remedial provisions.  Because the 2022 amendment was procedural and remedial – and did not affect any substantive rights– the amendment was retroactive and therefore bars the VOWA Claims.

ECF No. 52-1 at 8.  Defendant asserts that the <u>Meharg</u> decision is consistent with prior Virginia precedent that has "applied retroactively amendments affecting the definition of the

---

[7] Defendant recognizes that the claims in <u>Meharg</u> arose under a different provision of VOWA than the provision at issue here—one authorizing treble damages for certain statutory violations—that was also repealed by the amendment.  However, Defendant argues that the <u>Meharg</u> decision controls the retroactive application of the 2022 VOWA amendment to Plaintiff's claims because a statutory amendment is presumed to be retroactive only when the entire amendment (not just particular provisions) is remedial and does not alter substantive rights.  <u>McCarthy</u>, 864 S.E.2d at 585; ECF No. 52-1 at 21.

amount of compensation due under a statute, while leaving unchanged the statutory right to that compensation."  ECF No. 52-1 at 20 (citing <u>Cohen v. Fairfax Hospital Ass'n</u>, 12 Va. App. 702 (1991) (finding that a statutory amendment changing the definition of covered 'compensation' for purposes of determining disability benefit award was 'procedural in nature and affects remedy only' and therefore applied retroactively to disabilities incurred prior to the amendment).

With respect to the second issue—whether Plaintiff's VOWA Claims nevertheless fail under the pre-amendment statute—Defendant argues that pre-amendment VOWA did not require 150% overtime and did not require a different regular rate calculation than FLSA for day rate employees.  Defendant asserts that VOWA as originally enacted followed FLSA § 207 and required overtime pay to be calculated "pursuant to" § 207, which does not allow for 150% pay or determination of the "regular rate" as one-fortieth of the employee's weekly pay:

> The U.S. Department of Labor's binding § 207 regulations – which interpret statutory language identical to pre-amendment VOWA's overtime calculation provision – plainly state that § 207 requires only "extra half-time pay" (and not 150% more pay) as an overtime premium. The regulations are just as clear that the "regular rate" is calculated using an employee's "total hours actually worked" in a workweek, and not one-fortieth of the employee's weekly pay. Moreover, the statutory provision that Plaintiff asserts to require the windfall overtime calculation does not even refer to day rate employees – it applies only to employees who are paid "on a salary or other regular basis." To the extent there is any ambiguity about VOWA's correct overtime formula, the legislative history is again unequivocal that the General Assembly did not intend to create a more generous (and certainly not a three times more generous) overtime remedy than provided under FLSA § 207.

ECF No. 52 at 8-9.  Defendant asked, if this Court is unsure how to interpret VOWA, that this Court certify to the Virginia Supreme Court the questions of law regarding (1) the retroactivity of the 2022 amendment and (2) interpretation of pre-amendment VOWA's overtime premium and regular rate.  <u>See</u> Virginia Supreme Court Rule 5:40 (permitting this Court to certify

"determinative" questions of Virginia law where "there is no controlling precedent on point in the decisions of [the Supreme] Court or the Court of Appeals of Virginia").[8]

### b. Plaintiff's Response in Opposition and Cross-Motion for Partial Summary Judgment

In his Response in Opposition to Defendant's Motion for Partial Summary Judgment and in Support of Plaintiff's Cross Motion for Partial Summary Judgment, Plaintiff argues that Defendant failed to comply with VOWA, whose "plain, unambiguous language" mandates overtime premiums "not less than one and one-half times the employee's regular rate" calculated using VOWA's regular rate formula of "one-fortieth of all wages paid for that workweek."  ECF No. 54 at 1.  Plaintiff argues that the 2022 amendment "cannot retroactively wipe out an already-accrued claim, and 'substantive' and 'vested' rights are protected from retroactive application of statute."  ECF No. 54 at 2, citing Shiflet v. Eller, 319 S.E.2d 750, 753-54 (Va. 1984).[9]  Plaintiff rejects Defendant's assertion that procedural remedies, as opposed to substantive rights, are at-issue here such that the 2022 amendment has retroactive effect.  In response to Defendant's citation to Judge Jackson's holding in Meharg, Plaintiff argues that Meharg only addressed the narrow question of whether "treble damages" for knowingly violating the substantive overtime rights provided by VOWA were a procedural remedy that could be retroactively eliminated, which is not at issue in this case.  Plaintiff asserts that Meharg did not address whether VOWA's "one and one-half times" overtime requirement and regular rate calculation created a substantive right, nor did

---

[8] This Court issued an order certifying these two questions of law to the Supreme Court of Virginia (ECF No. 67), which the Supreme Court of Virginia declined to accept (ECF No. 68).

[9] Defendant argues that Shiflet is inapposite to Plaintiff's case because the amendment in Shiflet removed entirely the pre-amendment right of a joint tortfeasor to bring a claim for contribution against another joint tortfeasor.  ECF No. 57 at 17.  Here, however, according to Defendant, the 2022 VOWA amendment did not extinguish any substantive right of action under VOWA.  See Meharg, 2022 WL 16626943, at *10 (noting that the 2022 amendment "does not alter the substantive right to bring a claim for unpaid overtime in state court").

this decision address whether the 2022 amendment applied retroactively in the context of overtime wages.  Id. at 3.

In response to Defendant's argument that VOWA only required the same overtime calculations as the FLSA and its implementing regulations, Plaintiff asserts that VOWA did not mirror or limit its protections to those afforded under the FLSA, rather, it required overtime premiums equal to "one and one-half times an employee's regular rate" and mandated that the "regular rate shall be calculated as follows:…For employees paid on a salary or other regular basis, the regular rate is one-fortieth of all wages paid for that workweek."  Id. at 4.  Plaintiff argues that the statute is not ambiguous, and under Virginia Supreme Court precedent, a reviewing court must "presume that the legislature chose, with care, the specific words of the statute" and cannot "add language to [a] statute the General Assembly has not seen fit to include."  Id. at 34 (citing Virginia Elec. & Power Co. v. State Corp. Comm'n, 861 S.E.2d 47, 52 (2021)).  Plaintiff further asserts that Defendant's examination of legislative history is impermissible here because pre-amendment VOWA is unambiguous.  ECF No. 54 at 38.

### c.   Defendant's Reply in Support of its Motion for Summary Judgment and Opposition to Plaintiff's Motion for Summary Judgment

Defendant asserts that:

- The 2022 amendment to VOWA was retroactive, and this precise issue was addressed and resolved in Meharg, where Judge Jackson found that the 2022 amendment did not affect the substantive rights created by the original statute.  ECF No. 57 at 6.

- Plaintiff cites no authority recognizing a substantive right to a specific overtime calculation.  ECF No. 57 at 6.  Rather, according to Defendant, the substantive rights established by VOWA were (a) the right to overtime pay for work over 40 hours in a week (which did not previously exist under Virginia law) and (b) the right to bring a

state law claim for unpaid overtime (which also did not previously exist under Virginia law).  Id. at 15.

- Assuming for the sake of argument that the 2022 amendment was not retroactive, the second legal question is whether VOWA can be interpreted to require employers in Virginia to pay certain employees three times more overtime than that required by the FLSA.  VOWA expressly incorporated FLSA § 207 and said that overtime is to be paid "pursuant to FLSA § 207."  ECF No. 57 at 7.

- Legislative history confirms that the General Assembly only ever intended to codify the federal overtime provisions under the FLSA and provide a private cause of action for an employee to file a lawsuit in state court related to employer violations of overtime provisions.  ECF No. 57 at 8.

- Plaintiff's attempt to limit Meharg to the triple damages issue presented in that case must fail because the court could not have found that the 2022 amendment was retroactive without also finding that the entire amendment to VOWA was procedural or remedial.  See McCarthy, 864 S.E.2d. at 585 ("In circumstances where a statutory amendment effects a change in both substance and remedy (or procedure), courts will not give the statute retroactive effect…even if one could point to aspects of [the statutory] amendments that effected procedural or remedial changes, so long as the amendments effected any change in substantive rights, neither the trial court nor this Court would be permitted to apply the statute retroactively.").

### d.  Plaintiff's Reply

In his Reply, Plaintiff argues:

- A statutory right to receive and obligation to pay a defined amount of overtime premiums is a substantive right protected from retroactive amendments.  ECF No. 58 at 1-2.

- The Meharg opinion does not address the issue directly before this Court, mainly, whether VOWA's requirement to pay "one and one-half times" overtime premiums using a regular rate calculation which divides all wages by 40 hours created a substantive right protected from retroactive amendments.  ECF No. 58 at 2.

- In order for a statutory change to apply retroactively, it must be procedural and affect remedy only; if it disturbs any substantive rights (to defined overtime wages) then it cannot apply retroactively.  ECF No. 58 at 6-7.

- Defendant has not overcome Va. Code § 1-238's requirement that "reenacted" statutes, like the 2022 amendment, cannot operate retroactively unless the bill itself "expressly provides that such changes are effective retroactively on a specified date."  Smith v. Commonwealth, 2022 WL 2202952, at *4-5 (Va. Ct. App. June 21, 2022).  ECF No. 58 at 7-8.[10]

- Certification to the Supreme Court of Virginia is not proper because Shiflet, McCarthy, and Berner are on point and controlling.[11]   ECF No. 58 at 15.

---

[10] Plaintiff's argument here appears to be incorrect in light of McCarthy's directive that an amendment will apply retroactively when either "the text of the statute contains 'explicit terms' demonstrating its retroactive effect" or "when the statue's amended terms affect 'remedial' or 'procedural' rights rather than 'substantive' or 'vested' rights."  See  McCarthy, 864 S.E.2d at 585.  See also § 1-239 of the Virginia Code, which provides that when a statutory amendment is procedural, "proceedings thereafter held [following the enactment of the amendment] shall conform, so far as practicable, to the laws in force at the time of such proceedings."  Va. Code Ann. § 1-239.

[11] Plaintiff argues that Shiflet supports his contention that where the amendment alters the scope of a party's liability or right to recovery, as it does in this case, that amendment "affects substantive rights…not merely the procedural aspects of their remedy," and cannot apply retroactively.  ECF No. 58 at 7 (citing Shiflet, 228 Va. at 122-123).  Plaintiff cites McCarthy for the proposition that if any substantive right is affected by the amendment, the amendment cannot apply retroactively.  ECF No. 58 at 5.  Plaintiff cites Berner for the proposition that "reenacted"

**e. Defendant's Surreply**

In its Surreply, Defendant addresses Plaintiff's argument that the Virginia Supreme Court's decision in <u>Berner v. Mills</u>, 579 S.E.2d 159 (Va. 2003) is "controlling" and holds that Va. Code § 1-238 "compels a conclusion" that a procedural or remedial amendment which "reenacts" a statute is prospective unless the amendment contains specific language indicating its retroactivity.  ECF No. 63 at 1.  Defendant asserts that <u>Berner</u> is not controlling because it "does not even address the distinction between (a) procedural or remedial amendments and (b) substantive amendments, which the Virginia courts have recognized repeatedly in the 20 years since <u>Berner</u> was decided)." <u>Id.</u> at 2.  Defendant further argues that the Virginia Court of Appeals and the Virginia trial courts have "stated consistently that—irrespective of whether the amendment 'reenacts' a statute— procedural and remedial amendments are governed by the presumption of retroactivity set forth in Va. Code § 1-239 and are not governed by § 1-238," or in other words, § 1-239, and not § 1-238, controls the retroactivity analysis for procedural and remedial amendments.  <u>Id.</u>  <u>See, e.g.</u>, <u>Choi v. Choi</u>, 890 S.E.2d 616, 618 (Va. Ct. App. 2023) (addressing retroactivity of 2022 Virginia S.B. 895, which "amended and reenacted" § 17.1-405, and explaining that "where a law affects procedure only, instead of vested or substantive rights, the statute may be given retroactive effect").  Defendant argues that the correct legal standard for retroactivity, as expressed by the Court of Appeals in <u>Choi</u>, <u>McCarthy</u>, and other cases, is the same standard that Judge Jackson applied in <u>Meharg</u> to find that the 2022 VOWA amendment was retroactive.  ECF No. 63 at 5.

---

statutes, like the 2022 amendment, cannot operate retroactively unless the bill itself provides for retroactivity.  ECF No. 58 at 7-8 (citing <u>Berner v. Mills</u>, 265 Va. 408, 414 (2003)).

## IV.     STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A factual dispute is "material" if it might affect the outcome of the case under governing law.  Id.

A party seeking summary judgment always bears the initial responsibility for informing the district court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  Where the non-moving party bears the burden of proof on a particular issue at trial, the moving party's initial burden can be met simply by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case."  Id. at 325.  After the moving party has met its initial burden, the adverse party's response must, by "citing to particular parts of materials in the record," show that a fact is "genuinely disputed."  Fed. R. Civ. P. 56(c)(1).  Summary judgment is appropriate if the non-moving party fails to rebut by making a factual showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex, 477 U.S. at 322.  Under Rule 56, the Court must view the evidence presented on the motion in the light most favorable to the opposing party.  Anderson, 477 U.S. at 255.

## V.     DISCUSSION

This Court agrees with the parties that there are no material facts in dispute precluding summary judgment on the purely legal questions at issue.  See ECF No. 54 at 13 ("The parties agree there is no material fact precluding summary judgment on the purely legal questions

presented in Canada Dry's Motion and Plaintiff Escalet's Cross Motion for Summary Judgment."). As discussed above, there are two questions of law that are determinative in this case:

(1) Does the 2022 amendment apply retroactively to bar Plaintiff and class members from recovering for the VOWA Claims; and

(2) If the 2022 amendment does not apply retroactively, did pre-amendment VOWA require Defendant to pay Plaintiff and other day-rate employee class members overtime premiums "at a rate not less than one and one-half times the employee's regular rate" calculated as "one-fortieth of all wages paid for that workweek."

### a.   Retroactive Application of 2022 VOWA Amendment

A dispositive question in this case is whether the 2022 amendment to VOWA applies retroactively. As a general matter, interpreting a law to apply retroactively "is "not favored, and … a statute is always construed to operate prospectively unless a contrary legislative intent is manifest." McCarthy v. Commonwealth, 864 S.E.2d 577, 585 (citing Berner v. Mills, 579 S.E.2d 159 (Va. 2003)). Legislative intent to make a statute apply retroactively is "manifest" in two circumstances. Id. First, legislative intent to make a statute retroactive is "manifest" when the text of the statute contains "explicit terms" demonstrating its retroactive effect. Id. Second, legislative intent is manifest when the statute's amended terms affect only "remedial" or "procedural" rights, and not "substantive" or "vested" rights. Id. Courts will not give the statute retroactive effect in cases where a statutory amendment effects a change in both substance and procedure. Id. (citing Pennington v. Superior Iron Works, 517 S.E.2d 726 (Va. App. 1999)).

It is this Court's view that the text of the statute on its face does not contain "explicit terms" demonstrating its retroactive effect.  It does not, for example, include language stating that the amendment will apply to both claims as of a certain prior date *and* claims hereafter brought.

This Court next discusses the second method of showing legislative intent, which is where the statute affects only "remedial" or "procedural" rights and not "substantive" or "vested" rights. A law affects substantive rights where it "deals with [the] creation of duties, rights, and obligations."  Shiflet v. Eller, 319 S.E.2d 750, 754 (Va. 1984).  A law affects procedural rights when it "prescribes methods of obtaining redress or enforcement of rights."  Id.

The Virginia Code similarly establishes the circumstances under which a substantive amendment applies retroactively.  Section 1-238 of the Virginia Code provides that where the General Assembly enacts changes "in addition to the existing substantive provisions" of a statute, the substantive amendment is "effective prospectively unless the bill expressly provides that such changes are effective retroactively on a specified date."  Va. Code Ann. § 1- 238.  Section 1-239 of the Virginia Code provides that where a statutory amendment is procedural, "proceedings thereafter held [after the enactment of the amendment] shall conform, so far as practicable, to the laws in force at the time of such proceedings."  Va. Code Ann. § 1-239.  The Virginia Code thus suggests that retroactive application of procedural changes (but not substantive changes) is proper.

Defendant argues that VOWA created two substantive rights:

(1) VOWA supplemented the FLSA by providing non-exempt Virginia employees with a state law right to overtime compensation for hours worked in excess of 40 during a given workweek;

(2) VOWA created a state law right for employees to "bring an action, individually, jointly, with other aggrieved employees, or on behalf of similarly situated employees as a collective action consistent with the collective action procedures of the Fair Labor Standards Act, 29 U.S.C. Section 216(b), against the employer in a court of competent jurisdiction" to enforce their substantive right to overtime pay.

ECF No. 52-1 at 18.  According to Defendant, the statute's remaining provisions, including provisions addressing overtime premium calculations for non-exempt employees, are all "procedural or remedial."  ECF No. 52-1 at 18.  Defendant asserts that the 2022 amendment did not affect either of the substantive rights created by VOWA because the post-amendment statute provides employees with the same substantive right to overtime compensation and the same cause of action to enforce that right:

> Any employer that violates the overtime pay requirements of the federal Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq., as amended, and any regulations, guidance, or rules adopted pursuant to the overtime pay provisions of such federal act or any related governing case law shall be liable to the employee for the applicable remedies, damages, or other relief available under the federal Fair Labor Standards Act in an action brought pursuant to the process in subsection J of § 40.1-29 . . . and all applicable exemptions, overtime calculation methods, methods of overtime payment, or other overtime provisions within the federal Fair Labor Standards Act and any attendant regulations, guidance, or rules shall apply. Any action brought pursuant to this section shall accrue according to the applicable limitations set forth in the federal Fair Labor Standards Act.

Va. Code Ann. § 40.1-29.2 (July 1, 2022).  Plaintiff counters that the 2022 amendment cannot apply retroactively because entitlement to defined overtime wages is a substantive right, and not merely a procedural remedy.  See ECF No. 54 at 18 (citing Dellinger v. Sciences Applications Int'l Corp., 649 F.3d 226, 228 (4th Cir. 2011) (statutory entitlement to overtime wages of "one and one-half times the regular rate, 29 U.S.C. § 207(a)" under the FLSA is a "substantive right[ ]")).

There are no Virginia Supreme Court or Virginia Court of Appeals decision opining on the retroactivity of the 2022 amendment.  The only case either party has identified that opines on the retroactivity of the 2022 amendment is from the Eastern District of Virginia: Meharg v. York Operations LLC, 2022 WL 16636943 (E.D. Va. Nov. 2, 2022).  At-issue in Meharg is whether Plaintiff is entitled to pursue treble damages under VOWA.  Defendant in that case argued that the amendments to VOWA are procedural and therefore retroactive, thus precluding Plaintiff from

17

pursuing treble damages where VOWA as amended does not permit treble damages.  Id. at *3.  The Court in that case agreed, finding that "the changes to VOWA are procedural in nature and foreclose Plaintiff's ability to seek treble damages."  Id.  More specifically, Judge Jackson held that "the current version of VOWA incorporates the procedural and remedial aspects of FLSA and does not alter the substantive right to bring a claim for unpaid overtime in state court."  Id. at *4.  As recognized by Defendant, the Virginia Court of Appeals made clear in McCarthy, a case cited by the Meharg court, that a statutory amendment cannot apply retroactively in the first instance if any part of the amendment effects a substantive change:

> In circumstances where a statutory amendment effects a change in both substance and remedy (or procedure), courts will not give the statute retroactive effect…even if one could point to aspects of [the statutory] amendments that effected procedural or remedial changes, so long as the amendments effected any change in substantive rights, neither the trial court nor this Court would be permitted to apply the statute retroactively.

> McCarthy, 864 S.E.2d at 585.

Plaintiff argues, without citing any case law interpreting the 2022 amendment, that the 2022 amendment cannot apply retroactively because the right to a specific overtime premium calculation is a "substantive" and "vested" right, and such rights can only apply prospectively. [12]

---

[12] Plaintiff argues that Shiflet, McCarthy, and Berner are "on point, controlling, and mandate summary judgment on favor of Plaintiff Escalet on Counts III and IV of Plaintiff's Complaint."  ECF No. 58 at 15.  Plaintiff argues that Shiflet supports his contention that where the amendment alters the scope of a party's liability or right to recovery, that amendment "affects substantive rights…not merely the procedural aspects of their remedy," and cannot apply retroactively.  ECF No. 58 at 7 (citing Shiflet v. Eller, 319 S.E.2d 750, 755 (Va. 1984)).  For the reasons discussed in this Memorandum, and in particular in consideration of the Meharg holding, this Court disagrees that the 2022 amendment affects substantive rights.

Plaintiff cites McCarthy v. Commonwealth, 864 S.E.2d 577 (Va. Ct. App. 2021) for the proposition that if any substantive right is affected by the amendment, the amendment cannot apply retroactively.  ECF No. 58 at 5.  But this argument can also be construed in Defendant's favor: Meharg found that the 2022 amendment was retroactive with respect to treble damages, thereby requiring, for the Meharg decision to be correct under McCarthy, that no aspect of the 2022 amendment was substantive.

Plaintiff cites Berner for the proposition that "reenacted" statutes, like the 2022 amendment, cannot operate retroactively unless the bill itself provides for retroactivity.  ECF No. 58 at 7-8 (citing Berner v. Mills, 579 S.E.2d 159 (Va. 2003)).  But, as Defendant suggests, Berner does not clearly address the distinction between, on the one hand, procedural or remedial amendments, and on the other hand, substantive amendments, and it is "axiomatic that Berner cannot be 'controlling' on an issue the Supreme Court did not resolve or even consider in that case."  ECF

But the <u>Meharg</u> decision finds that the substantive right under VOWA is the "right to bring a claim for unpaid overtime in state court," which remains unaffected by the 2022 amendment. Under <u>Meharg</u>, Plaintiff's right to bring his VOWA claims were not extinguished by the 2022 amendment. Rather, as Defendant asserts, the 2022 amendment merely changed how overtime pay is calculated to mirror the method proscribed by the FLSA.

Plaintiff further argues that <u>Meharg</u>'s holding is limited to the treble damages provision at issue in that case and does not stand for the broader proposition that the VOWA amendment is procedural and retroactive. This Court disagrees and finds that <u>Meharg</u> applied to the VOWA amendment in its entirety. "For VOWA to apply retroactively it must be procedural in nature and affect remedy only, disturbing no substantive or vested rights." <u>Id.</u> at *3 (citing <u>Buenson Division v. McCauley</u>, 221 Va. 430, 432 (1980); <u>Allen v. Mottley Construction Co.</u>, 160 Va. 875, 889 (1933)). <u>Meharg</u> found the VOWA amendment to be procedural in nature. Moreover, as recognized by Defendant, the Virginia Court of Appeals made clear in <u>McCarthy</u>, a case cited by the <u>Meharg</u> court, that a statutory amendment cannot apply retroactively in the first instance if any part of the amendment effects a substantive change:

> In circumstances where a statutory amendment effects a change in both substance and remedy (or procedure), courts will not give the statute retroactive effect…even if one could point to aspects of [the statutory] amendments that effected procedural or remedial changes, so long as the amendments effected any change in substantive rights, neither the trial court nor this Court would be permitted to apply the statute retroactively.

---

No. 63 at 2. Pre- and post-<u>Berner</u> decisions by the Virginia courts suggest that the standard for retroactivity analysis is not just whether the statute itself provides for retroactive application, but also whether the statute's amended terms affect remedial or procedural rights as opposed to substantive or vested rights. <u>See, e.g.</u>, <u>Shiflet v. Eller</u>, 319 S.E.2d at 753 (Va. 1984) (" '[S]ubstantive' rights, as well as 'vested' rights, are included within those interests protected from retroactive application of statutes."); <u>McCarthy v. Commonwealth</u>, 864 S.E.2d 577, 585-86 & n.9 (Va. Ct. App. 2021) ("This framework for discerning whether a law should be given retroactive or prospective effect was (and still is) guided by Code § 1-238 and Code § 1-239 (formerly Code § 1-16)"); <u>Taylor v. Commonwealth</u>, 604 S.E.2d 103, 106-07 (Va. Ct. App. 2004) ("[E]ven if the language of an amended statute does not provide that the amendments should be given retroactive effect, the statute may still be retroactively applied under…Code § 1-16," which is the predecessor to current § 1-239).

McCarthy, 864 S.E.2d at 585.  In consideration of the above, this Court cannot agree with Plaintiff that the Meharg decision is inapplicable and that the VOWA amendment affects substantive rights.[13]  This Court finds no reason to depart from the Meharg court's reasoning and finds that the 2022 amendment implicates only procedural rights, and thus applies retroactively here.

Having determined that the 2022 amendment applies retroactively, this Court must now consider whether the 2022 amendment bars Plaintiff's VOWA Claims such that summary judgment must be granted in favor of Defendant.  This Court finds that it does, and grants summary judgment in favor of Defendant.  The 2022 amendment makes clear that VOWA uses the FLSA's "overtime calculation methods" and "methods of overtime payment" and "any attendant regulations, guidance, or rules shall apply":

> Any employer that violates the overtime pay requirements of the federal Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq., as amended, and any regulations, guidance, or rules adopted pursuant to the overtime pay provisions of such federal act or any related governing case law shall be liable to the employee for the applicable remedies, damages, or other relief available under the federal Fair Labor Standards Act in an action brought pursuant to the process in subsection J of § 40.1-29. For the purposes of this section, "employer" and "employee" shall have the meanings ascribed to them under the federal Fair Labor Standards Act and ***all applicable exemptions, overtime calculation methods, methods of overtime payment, or other overtime provisions within the federal Fair Labor Standards Act and any attendant regulations, guidance, or rules shall apply***. Any action brought pursuant to this section shall accrue according to the applicable limitations set forth in the federal Fair Labor Standards Act.

---

[13] Plaintiff argues that the 2022 amendment also codifies an entitlement to overtime for derivative air carrier employees (employees exempt from overtime under the FLSA).  ECF No. 54 at 23, citing VA Code § 40.1-29.3 (effective July 1, 2022), Ex. 3 at 3-4.  Plaintiff asserts that this is an additional substantive right impacted by the 2022, and thus, under McCarthy, and in opposition to Meharg, VOWA cannot apply retroactively where any portion of the amendment affects a substantive right.  ECF No. 54 at 23.  Defendant counters that there is no merit to Plaintiff's assertion because, as originally enacted, VOWA also stated that "employees of derivative carriers" were entitled to overtime compensation.  ECF No. 57 at 18, citing Va. Code Ann. § 40.1-29.2(A) (eff. July 1, 2021).

Va. Code Ann. § 40.1-29.2 (emphasis added).  The Department of Labor's regulation addressing the FLSA § 207 overtime premium calculation for day rate employees provides that the regular rate is calculated using an employee's "total hours actually worked" in a workweek and that the employee is "entitled to extra half-time pay."  29 C.F.R. § 778.112.  In light of this, it cannot be disputed that the 2022 amendment, which mirrors and directly cites the FLSA, bars Plaintiff's claims that the regular rate is calculated as one-fortieth of the employee's weekly pay and that he is entitled to 150% more pay.[14]

## VI.   CONCLUSION

For the foregoing reasons, this Court grants Defendant's Motion for Partial Summary Judgment and denies Plaintiff's Cross-Motion for Partial Summary Judgment.  An appropriate order follows.

O:\CIVIL 23\23-329 Escalet v. Canada Dry Potomac Corp\23cv329 Escalet v. Canada Dry Memo re Motions for Partial Summary Judgment.docx

---

[14] Since this Court's finding that the 2022 amendment applies retroactively is dispositive, it need not consider the parties' remaining arguments regarding whether Plaintiff can recover under the pre-amendment VOWA.